No. 3850

Second Circuit

___

OVERSTREET v. OBER ET AL.

___

(November 7, 1930. Opinion and Decree.)

___

Thomas M. Comegys, Jr., and Lewell C. Butler, of Shreveport, attorneys for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant Ober, appellant.

Pugh, Grimmet & Boatner and J. N. Marcantel, of Shreveport, attorneys for defendant Thomas.

ODOM, J. Plaintiff by this suit seeks judgment against these defendants in solido for personal injuries which she received when an automobile owned by the defendant Ober and operated by his servant ran into a truck owned and operated by the defendant Thomas, on which truck plaintiff was a passenger. The case was tried by a jury which rendered a verdict for plaintiff against the defendant Ober and rejected her demands against Thomas. Ober appealed.

The defendant Thomas owns a farm some distance from Shreveport and on the occasion of this accident was carrying plaintiff and other laborers from the city to his farm on a truck. A few miles from

the city there is a side or country road intersecting the main highway at right angles from the left-hand side going out, which Thomas had to traverse in order to reach his farm. As he was going out on the main highway Ober's automobile was trailing the truck, and when Thomas turned to the left across the highway to go into the side road, Ober's car ran against the truck and knocked plaintiff and others off to the ground and plaintiff was injured.

Plaintiff brought her suit against both Thomas and Ober, alleging that each was guilty of negligence in the operation of their respective machines, and that her injuries are due to the joint negligence of the two. She charged that Thomas was negligent in that he was operating his truck at an excessive rate of speed and that he made the turn to the left without slowing down and without giving any sign or signal of his intention to turn; and that Ober was negligent in that his car "was being driven in a careless and negligent manner and at an excessive rate of speed."

The testimony shows beyond question that the defendant Thomas was guilty of no negligence in the operation of his truck. He was proceeding along a straight paved highway on his right-hand side, at a moderate rate of speed and, when at a distance of some 30 or 40 yards from the point where the side road intersects the highway where he intended to turn to the left, he extended his left hand and arm out from the cab in which he was sitting, checked his speed to six or eight miles an hour and made a wide turn to the left. It was broad daylight, the road was straight so that every move he made was clearly visible to anyone approaching from the rear. After he had practically completed his turn across the road and about the time the front wheels of the truck had reached the bridge over a ditch on the left-hand side of the road, the Ober car ran against the rear left fender of the truck with such force that all those riding upon it were knocked off to the ground.

A number of those riding on the truck testified that they saw the Ober car approaching the truck from the rear at a very rapid rate of speed estimated at from 30 to 50 miles an hour. Persons who were at work in the adjoining fields saw the collision. They testified that the Ober car was running at a very high rate of speed as it approached the truck. They saw Thomas check his speed, extend his arm and begin to turn when the Ober car was not over 30 or 40 feet behind, and from the fact that the Ober car was running so fast, they concluded that a collision was inevitable.

The defendant Ober called only one witness, Wash Graham, the driver of his car. He testified that he was following the truck and saw the truck ahead of him; that he saw the truck as it began to turn; that he paid no attention to the side road, didn't know that Thomas intended to turn as he saw no indication of such intention; that when he saw the truck begin to make the turn he was 25 or 30 feet behind it, was going about 25 or 30 miles an hour, and that he applied the brakes which took effect but he was unable to stop in time to avoid the collision.

The facts as we have stated them are not disputed and it is conceded, we understand, by counsel for Ober, the appellant, that they warrant the verdict and judgment appealed from.

But counsel for appellant contend that certain testimony found in the record was not admissible against and is not binding upon Ober and should not be considered by this court as affecting Ober. The testi-

mony referred to by counsel is that which tends to show negligence on the part of Ober and which was admitted either against or for the defendant Thomas. Counsel seem to think that the jury in determining the issues against Ober took into consideration all the testimony in the record.

We have no means of knowing what testimony the jury considered. But our reading of the record has convinced us that there is ample testimony admissible under the pleadings and legally binding upon Ober to warrant the verdict and judgment appealed from.

Plaintiff, in bringing her suit, proceeded upon the theory that her injuries were due to the joint negligence of these defendants and she prayed for judgment against them in solido. She was within her rights in bringing her suit as she did.

Berry on Automobiles, 6th ed., Vol. 1, page 212;
Civil Code, arts. 2091, 2324;
Cline v. Railroad Co., 41 La. Ann. 1031, 6 So. 851;
20 R. C. L. 678, sec. 17.

This is upon the principle that every person who joins in the committing of a tort is severally liable for the resulting damage. In such suits, if the testimony discloses that only one of the defendants was in fault judgment may be rendered against that one. Therefore, on the trial the plaintiff may introduce testimony to fix the responsibility on both or either of the defendants for the injuries. Likewise the defendants are permitted to introduce such testimony as they see fit to negative the allegations of fault charged against them. Either party may show that he was not at fault and such testimony as either may introduce to that end may involve the other. The testimony brought out by either defendant if admissible under the pleadings to make out his defense, is a part of the whole case and is properly taken into consideration by the jury or court in determining the question of liability.

Plaintiff's injuries were due to a collision between the Thomas truck in which she was riding and Ober's car. She was not responsible for the operation of either. The two vehicles collided on a straight, paved highway, in open daylight where there were no obstructions and no other vehicles in sight. Some one was negligent. Res ipsa loquitur. The plaintiff having alleged that each defendant was negligent, the purpose of the trial was to ascertain whether each was negligent and if not, which one.

We have stated that the testimony shows that Thomas, before attempting to make the turn, slackened his speed and gave the proper signals. Counsel say that such testimony was not admissible as against Ober because introduced by plaintiff in direct contradiction of her allegations. If counsel's point be conceded, the fact remains that Thomas also introduced that proof in his own defense, and no reason is assigned why the testimony introduced by him should not be considered as part of the whole case.

The testimony, therefore, which was admissible and binding as to Ober was that Ober's car overtook and ran against Thomas' truck due to no fault of Thomas. The driver of Ober's car says he saw the truck ahead of him. The mere fact that he ran into it is not sufficient proof of his negligence. But the fact that he did, coupled with the facts that the road was open, had no defect in it and that he saw the truck ahead of him called for an explanation by him. The plaintiff, having proved

these facts, made out a prima facie case and the burden was shifted to Ober to show that the collision was due to some cause other than the negligence of his driver.

Blashfield's Cyclopedia of Automobile Law, Vol. 2, 1619;

Berry on Automobiles, 6th Ed., Vol. 1, 208, 914.

Plaintiff alleged that the Ober car was being driven in a careless and negligent manner. It is urged that such allegations are mere legal conclusions and not statements of fact upon which proof may be offered in support of them. We think that is true and if there had been no other allegations of negligence against appellant no proof would have been admissible. But it was specifically alleged that the Ober car was being driven at an excessive rate of speed. That allegation was specific enough to admit of proof and it was proved. Admittedly, the car was making 25 or 30 miles an hour. Under ordinary circumstances that would not be an excessive rate of speed, but the question whether an automobile is running at an excessive rate of speed depends upon the conditions and circumstances surrounding the particular point under consideration. We think a speed of 25 or 30 miles an hour was excessive under the circumstances shown in the present case. Appellant's driver saw the truck ahead of him and did not, he says, intend to pass it. He drove up to within 25 or 30 feet of it, still maintaining a speed of 25 or 30 miles an hour. He says that when he saw the truck begin to turn he did not have time to stop. That is no doubt true. But it was negligent for him to follow so close behind the truck at such speed that he could not stop in case of emergency. We quote the following from Blashfield's Cy-clopedia of Automobile Law, Vol. 1, Sec. 29, p. 454:

"In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic."

And the following from Berry on Automobiles, 6th Ed., Vol. 1, Sec. 1034, p. 870:

"A driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead, and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights."

Henican v. Woodman & Baldwin, 1 La. App. 281;

Roberts v. Eason, 6 La. App. 703.

Appellant is clearly liable.

## ON THE QUANTUM OF DAMAGES

The jury fixed plaintiff's damage at $750 and the trial judge approved the award. Plaintiff is a colored woman, does manual labor and sometimes works at a cleaning and pressing establishment. The large bone of the forearm was fractured near the wrist joint. The fracture healed in due time, leaving a slight deformity, but not such as to interfere with her work. She was considerably shaken up and shocked and suffered the usual pain and inconvenience attending such accidents. The jury and the trial judge saw plaintiff and heard three physicians testify as to the injuries and the results. The award, we think, is not out of line with those usually made in such cases and we shall not disturb it.

For the reasons assigned the judgment appealed from is affirmed with all costs.