**FULD v. MARYLAND CASUALTY CO.**
(two cases).*

No. 1773.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

Weiss & Weiss, of New Orleans, and Jacob S. Landry, of New Iberia, for appellants.

Walter J. Burke and Lawrence Simon, both of New Iberia, for appellee.

OTT, Judge.

The above two cases were consolidated for the purpose of trial in the lower court, and separate judgments were entered in each case. While separate records are made up in each case, yet, as the law and facts involved are identical in each case, the two cases have been argued, briefed, and submitted in this court together. The following reasons for judgment will apply to each of the cases, but separate decrees will be entered in each case to conform to the original proceedings and the judgments rendered therein:

On January 26, 1934, the plaintiff, a resident of Baltimore, Md., was driving his Oldsmobile coach along the Old Spanish Trail Highway from New Orleans to Lake Charles when, at a point some 6 miles east of New Iberia, his car ran into the rear end of a truck owned by the Church Point Wholesale Grocery Company, and being driven at the time by an employee of that company, and while returning from New Orleans with a load of lard for the said grocery company. Mrs. Bernice F. Fuld, the wife of Joseph Fuld, was in the car with her husband as his guest, sitting on the front seat to the right of her husband. In the collision with the truck, both Mr. and Mrs. Fuld suffered personal injuries, those

*Rehearing denied Feb. 15, 1938; writ of certiorari denied March 7, 1938.

to the wife being much more severe than those suffered by the husband. The car was also damaged.

The suit was filed by each of these occupants of the car in separate suits against the defendant, the insurer of the truck owned by the said Church Point Wholesale Grocery Company, but neither the driver of the truck nor the owner was joined in the suits. The amount claimed by Mr. Fuld is $2,294.14 and the amount claimed by Mrs. Fuld is the sum of $22,680.57

It is alleged in both suits that Fuld was driving his car along said highway about 2 o'clock in the afternoon on the date mentioned, at the rate of approximately 40 miles per hour, trailing said truck, when, without warning or signal, the said truck was suddenly brought to a stop in front of the Fuld car; that a car was coming from the opposite direction, making it impossible for the Fuld car to pass to the left of the truck; that, although Fuld applied his brakes and tried to stop his car, he could not do so, and collided with the rear end of said truck, causing the damage for which the suits are brought.

The negligence charged against the driver of the truck, when condensed to its essential points, consisted in the sudden and unexpected stopping of the truck in the lane of traffic of oncoming cars, without giving any warning or signal of his intention to stop. The defendant admitted that the driver of the truck was at the time in the employ of the Wholesale Grocery Company; that it carried liability insurance on the truck up to $10,000; but the defendant denied that the truck made a sudden stop, but alleged that the speed of the truck was reduced from approximately 30 miles per hour to 15 miles per hour, and that said reduction in speed was made gradually and not suddenly. Defendant alleged that plaintiff Fuld was traveling at an excessive rate of speed, without keeping a proper lookout; that Fuld cut to his left in an effort to pass the truck, but saw another car approaching from the opposite direction, turned back into the right traffic lane in the rear of the truck, and crashed into the rear end of the truck. The defendant alleges that the cause of the accident was the reckless and excessive speed of Fuld, and his failure to keep a proper lookout ahead for cars in front, and, in the alternative, the contributory negligence of Fuld is pleaded against his claim, and, as against the claim of Mrs. Fuld, defendant denied any negligence on the part of the driver of the truck, and alleged that the sole and proximate cause of the accident was the reckless driving of her husband and his failure to keep his car under control; and, in the alternative, the defendant pleaded in bar of her recovery contributory negligence on her part in failing to keep a proper lookout for danger, and in failing to warn her husband of the dangerous situation.

In the suit of Mr. Fuld, the State of Maryland intervened in the suit and claimed $150.42 out of the claim of this plaintiff against the defendant for reimbursement of compensation paid by that State out of its accident fund on account of Fuld's injury.

There was judgment in the lower court rejecting both claims. Plaintiffs have appealed.

The trial judge did not assign reasons for judgment, but in the minute entries appears a statement to the effect that the damages sought by both plaintiffs are but the result of the gross carelessness and recklessness of Joseph Fuld in the operation of his automobile, there being no negligence imputable to the defendant. Counsel on both sides have commented quite at length on this statement, which is presumed to have been made and put in the record by the trial judge at the time he decided the cases. Defendant construes this statement to mean that the trial judge exculpated the driver of the truck from any negligence, and attributed the accident solely to the negligence and carelessness of Fuld. From this standpoint, the defendant contends that the rejection of the claims of the plaintiffs resulted from a finding of fact by the trial judge of want of negligence on the part of the driver of the truck, and, for that reason, this finding of fact is entitled to that consideration by this court accorded the finding of fact by the trial court or jury in all such cases.

A conclusion that the truck driver was not guilty of negligence involves both a question of fact and a question of law. If the trial judge found as a fact, for instance, that the truck did not stop suddenly, but came to a gradual stop, or that the truck had not entirely stopped when struck by the Fuld car, such a finding would involve a question of fact. But on the question of whether or not as a matter of law the manner in which the truck was stopped or being driven at the time of the accident

amounts to negligence involves a legal question. In the absence of specific findings of fact by the trial court, we are at a loss to know on just what principle of law he rejected the claims of the plaintiffs.

■ In determining the negligence, vel non, of the truck driver, it becomes of vital importance to determine whether or not the truck came to a complete stop, and, if so, whether or not that stop was sudden and unexpected or gradual and of a nature to be easily observed. The evidence is conflicting. As this is a very material point in the case, we will give a brief summary of the testimony of the witnesses on this point.

Mr. Fuld, testified that he had been driving behind this truck for several miles at around 40 miles per hour; that when he was within 150 to 175 feet of the truck it "apparently" had stopped; that he attempted to pass the truck; that he pulled slightly to his left preparatory to passing the truck, and saw a car coming in the opposite direction, and then turned back into his lane of traffic, and then he realized that the truck had "actually" stopped; that he then applied his brakes and endeavored to stop, but could not do so and ran into the rear of the truck, smashing in the radiator and front fenders and hood of his car, and receiving injuries himself and causing rather severe injuries to his wife. He says that the truck stopped suddenly. But it is rather significant that, although Mr. Fuld saw the truck when he was 150 to 175 feet back of it, he says that it appeared to be stopped, and, when he swerved to his left to pass, and then turned back to his right, he saw that the truck was definitely stopped. This rather indicates to us that when he saw the truck before making the left swerve to pass it was probably moving slowly, or in the act of slowing down to stop, for, if the truck was actually stopped when he was 150 to 175 feet away, the stop could not be called a sudden stop in so far as Fuld was concerned, driving that far behind the truck; that is, if the truck did come to a sudden stop, Fuld was a sufficient distance in the rear to make the suddenness of the stop as to him immaterial, but the situation was as to him a parked truck on the road in front of him. According to his testimony, at the rate he was going, Fuld could have stopped his car within a less distance than 150 to 175 feet.

In answer to a question, Mrs. Fuld stated: "As I said, we were behind this truck for several miles, sometimes closer and sometimes further, and we came to, I should believe, two hundred feet away, when I noticed the truck had apparently stopped and Mr. Fuld pulled his car out." She then goes on to state that after Mr. Fuld had pulled to his left and back again, Mr. Fuld saw that the truck had definitely stopped. What was said regarding the testimony of Mr. Fuld on this point applies with equal or greater force to that of Mrs. Fuld. If the truck was stopped when the approaching car was 200 feet in the rear, the suddenness with which the truck had stopped would have been immaterial in so far as the driver of the approaching car was concerned. In other words, the suddenness of the stop could have had no causal connection with the fact that Fuld ran into the rear of the truck. The parked or stalled truck in the road ahead of him 200 feet away presented only the situation of a parked truck in the road, regardless of whether or not it had gradually slowed down and come to a stop, or had stopped instantly and without warning.

The driver of the truck says that he was going along at about 35 miles per hour, and all of a sudden his gas gave out in his tank; that he coasted along in his lane of traffic, and his helper, sitting on the seat beside him, opened the right door of the cab and put out his foot on the running board, preparatory to raising the hood of the truck in order to let in more gas from a storage tank in which an extra supply of gas was carried; that, while the truck was thus coasting along very slowly, and while he was waiting for the truck to slow down sufficiently for the helper to get out on the running board, catch hold of the ventilator, and open the valve to let in the gas, there was a screeching sound in the rear, then a crash when the Fuld car struck the rear of the truck; that he then stopped the truck after going a few feet further. The driver states positively that the truck had not come to a complete stop when struck from the rear by the oncoming Fuld car, but that it was moving or coasting very slowly.

That part of the driver's testimony to the effect that the truck had not come to a stop when struck by the Fuld car is corroborated by the helper who was in the cab with the truck driver. He also testifies to the effect that the gas had given out and the

204

truck was coasting along the road on its own momentum, and in the right lane of traffic.

Two witnesses who were in the car coming in the opposite direction were called by plaintiffs. They say that when they first say the truck they were from 100 to 150 feet from it, and the truck was then slowly moving. One of these witnesses is positive in his statement that the truck had not come to a complete stop when Fuld pulled to his left, but that the truck came to a sudden stop after Fuld had pulled back to his right. The other witness said that he saw the truck when within about 100 feet of it, and the truck was then slowly moving; that it went about 25 feet further and stopped. In at least one point, these two witnesses corroborate the truck driver and his helper in that part of their testimony wherein they state that the truck was moving slowly. If a truck is moving slowly along the road and comes to a stop, the question of whether or not the stop could be called sudden depends on the actual speed of the truck and the suddenness of the stop. One person might well call such a stop sudden, while another would call it gradual.

Another disinterested witness apparently sincere in his testimony has added more confusion to the question by stating that he was some 250 feet east of the point of the collision and the truck passed him popping and coasting along at a moderate rate of speed; that the truck coasted along the road for this distance of 250 feet and came to a stop; that Fuld passed him about this time driving about 50 miles per hour, raised up in his seat, pulled a little to the left, put on the brakes, and ran into the rear of the truck. This witness says that the truck came to a gradual stop, and had completely stopped when the Fuld car passed him 250 feet in the rear of the truck. Part of this testimony corroborates that part of the testimony of Mr. and Mrs. Fuld when they stated that the truck appeared to be stopped when they were 150 to 200 feet from it. If the truck had come to a complete and gradual stop when the Fuld car passed this witness, Edgar, 250 feet in the rear, the suddenness of the stop could have no bearing on the question of negligence on the part of the truck driver, but his act would have to be judged more in the nature of parking his truck on the road.

The truck driver is the only witness who testifies that a signal was given by the driver for stopping by putting out his hand. None of the other witnesses saw the truck driver put out his hand, and we are inclined to believe that no such signal was given.

Our conclusion from the evidence in the case is that the truck coasted or moved along slowly for some distance before coming to a stop; that it had stopped or was moving very slowly when the Fuld car struck it in the rear. Our interpretation of the law applicable to the case is that the proximate cause of the accident was the excessive speed at which the Fuld car was being driven and the failure of the driver of that car to keep a proper lookout and his failure to maintain control of his car in the light of the situation as it was then presented to him. As we find that the truck was moving along the road at a moderate rate of speed, gradually slowing down, we do not think the stopping of the truck so far in front of the approaching car, if it was completely stopped, amounted to negligence under the circumstances of the case.

█ The law on this point is accurately expressed in 2 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., p. 71, § 931, as follows:

"When two automobiles are being driven along a public road in the same direction, the relative duties the one owes to the other are to be governed somewhat by the circumstances of the particular case. The driver of the front car on a country road owes no duty to the car in the rear except to use the road in the usual way, in keeping with the laws of the road, and, until he has been made aware of the presence of such rear car by signal or otherwise, he has a right to assume, either that there is no vehicle in close proximity in his rear, or that, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner. Accordingly, in the absence of facts or circumstances that will put the driver of an automobile on notice of the near approach of another machine from the rear, he may drive slow or fast, select the parts of the road best suited to travel, stop or start at will, or turn into side roads, without giving any signal of his intention."

The same rule is expressed in almost the same words in 5 American Jurisprudence, p. 656, second paragraph of section 280.

■ There is no evidence to show that the trailing Fuld car gave any signal whatever of an intention to pass, or to warn the truck driver of the fast approach of the car from the rear. In the light of the law as above quoted, we cannot see that, as the truck driver coasted the truck along the right lane of traffic, gradually slowing down, that he was due the trailing car any duty to give a signal as to the slowing down and stopping of the truck so far in front of the approaching car, as he had the right to assume that there was no car in the rear, or that, if there was such a car approaching him, the driver had such control of the car as not to run into his truck while moving slowly along the road, or after the truck had come to a gradual stop after thus moving slowly along the road.

■ We are not unmindful of the provisions of rule 10, Section 3, of Act No. 21 of 1932, which provides that whenever the movement of stopping a motor vehicle may affect the operation of another vehicle, it is made the duty of the driver of the vehicle attempting the movement to give a signal, plainly visible to the driver of the other vehicle. But it is clear that, if the driver of the truck did fail to give a signal on slowing down the truck, or when the truck stopped, if it stopped before the collision, his failure to do so was not the proximate cause of the accident. This is evident from the testimony of both Mr. and Mrs. Fuld, as they say that the truck was stopped when their car was within 150 or 200 feet of it, and manifestly the signal to stop would not have changed the situation in so far as the driver of the Fuld car was concerned. He would have made the attempt to pass had the signal been given, as he did not see the approaching car until he turned out of his lane of traffic, which was, according to their testimony, after the truck had stopped, and, according to some of the other witnesses, just prior to the time it stopped.

■ The question of whether or not, in any particular case, the failure of the lead car to give a signal on slowing down or stopping is negligence under the circumstances, and the proximate cause of the accident, is to be determined by the judge or jury from the particular situation then existing. Collins Baking Company v. Wicker, 166 Miss. 264, 142 So. 8.

■ The sudden stopping of the front car without notice, if unexplained, is negligence. But, notwithstanding this general rule and statutes to the same effect, there is imposed upon the driver of the following vehicle the duty of having his vehicle under such control as to be able to stop in time to prevent running into the car ahead in case it comes to a sudden stop in an emergency. 5 American Jurisprudence, p. 657, § 281. But, as we have already stated, we do not think that the truck driver came to such a sudden stop as to require him to give the signal, in view of the fact that his truck was slowing down for some distance, and his failure to give the signal was not the proximate cause of the accident. The proximate cause of the accident was the failure of the driver of the Fuld car to keep a proper lookout and keep his car under proper control. Swedman v. Standard Oil Company, 12 La.App. 359, 125 So. 481.

Having reached the conclusion that the plaintiffs have failed to prove negligence in the truck driver, proximately causing the injury, it is unnecessary to consider the pleas of contributory negligence alleged against both plaintiffs by the defendant.