### SESSION v. KINCHEN et al.
### No. 1815.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Ellis & Bostick, of Amite, for appellant.
Reid & Reid, of Hammond, for appellees.

DORE, Judge. ·

Plaintiff was injured while riding as a guest in a car driven by Mr. Howard Williams on highway No. 71, in St. Helena parish, on November 23, 1935. The Williams car ran into the rear of a car driven by Mr. F. E. Kinchen, an employee of the Federal Land Bank. The plaintiff was thrown violently forward by the impact, and struck his head and face against the windshield, knocking out or loosening several front teeth, and causing several bruises and contusions on his face and body. He sued for damages in the sum of $10,050. The New Amsterdam Casualty Company is also made a defendant as the insurance carrier on the Kinchen car.

The negligence charged to Kinchen is that he suddenly stopped his car in front of the car in which plaintiff was riding, without giving any signal or warning. Defendant Kinchen alleges that he was driving his automobile along the highway at about 25 to 30 miles per hour; and, desiring to stop, he slowly decreased his speed until he was going about 10 miles per hour, when the car in which plaintiff was riding crashed into the rear of his car, knocking it into the ditch; that his car was equipped with a red light in the rear that flashed red when the brakes were applied; that the accident was caused by the failure of the driver of the car in which plaintiff was riding to see and heed this stop light, and his failure to keep his car under proper control.

Judgment was first rendered against defendants for $1,300; but a rehearing was granted, and the plaintiff's demands were rejected. Plaintiff has appealed.

The evidence shows that the driver of the car in which plaintiff was riding had been following the Kinchen car for about a mile previous to the accident, and that both cars were traveling from 35 to 40 miles per hour. The trailing car just prior to the accident was following the Kinchen car within a distance of 25 or 30 feet. Just as Kinchen passed a road leading to the north, he applied his brakes in order to stop to ask some questions about a person living on this side road.

There is some difference in the testimony as to the suddenness of the stop made by Kinchen; he states that he came to a gradual stop within 50 to 60 feet; the driver of the other car and plaintiff say that Kinchen came to a sudden stop. Williams and plaintiff say they did not see the red light on the rear of the Kinchen car as it stopped; they do not say positively that the red light did not flash when Kinchen stopped, but that they did not see any such light. Kinchen says that he applied his brakes to stop and as far as he knows his stop light was working, and that his car had not come to a complete stop when struck from the rear, but was going from 8 to 10 miles per hour. A mechanic who worked on Kinchen's car frequently says that the stop light on the Kinchen car was in working condition at all times that he noticed this car, and that Mr. Kinchen always kept his car in good condition.

In our opinion, plaintiff has failed to prove that the accident was caused by the negligence of Kinchen. On the contrary, the evidence shows that the proximate cause of the accident was the negligence of the driver of the car in which plaintiff was riding in following the Kinchen car in such close proximity as to be unable to stop his car in time to prevent hitting the car in front. Williams was going 35 or 40 miles per hour, and it was certainly the grossest kind of negligence for him to drive at this speed only 25 or 30 feet behind the car in front. He was violating rule 8, section 3, of Act No. 21 of 1932, which provides that the driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the condition of traffic upon the highway. Overstreet v. Ober et al., 14 La.App. 633, 130 So. 648; Stromer v. Dupont et al., La.App., 150 So. 32.

As the stop light on the Kinchen car was apparently in working order, it was not negligence for Kinchen to apply his brakes and stop his car in the road, as he owed no duty to the trailing car except to use the road in the usual way. He was not made aware of the close approach of the Williams

car, and he had a right to assume either that there was no car in his rear, or else, if there was one, it was under such control as not to interfere with his lawful use of the road. Blashfield Encyclopedia of Automobile Law and Practice, Permanent Edition, volume 2, p. 71, § 931; volume 5 American Jurisprudence, p. 656, § 280; Ardoin v. Robinson et al., La.App., 176 So. 228.

In our opinion, our recent decision in the case of Joseph and Bernice F. Fuld v. Maryland Casualty Company, 178 So. 201, decided at our sitting on January 11, 1938,, is not only similar to the facts in this case, but our reasons in that case have peculiar application here, and must control our decision in this case.

For these reasons, the judgment appealed from is affirmed.