## ROBERSON v. RODRIGUEZ et al.

### No. 5708.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 10, 1939.

Rehearing Denied Feb. 6, 1939.

Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

Goff & Goff and Barnette & Phelps, all of Arcadia, for appellee.

HAMITER, Judge.

Mrs. Viola Roberson received personal injuries as the result of a collision between an automobile driven by her husband, in which she was riding, and another operated by Mrs. W. D. H. Rodriguez. The accident occurred on U. S. Highway 80, at a point about three miles west of Gibsland, Louisiana, during the daytime of March 14, 1936. The road was dry and the weather clear.

She seeks damages for her injuries in this suit brought against W. D. H. Rodriguez, Mrs. Rodriguez and the American Employers Insurance Company. The last named defendant is the insurer of the Rodriguez car.

Defendants deny the various acts of negligence charged to Mrs. Rodriguez and assert that the collision was proximately and solely caused by the fault and negligence of Mrs. Roberson and of her husband, James B. Roberson. Alternatively, they plead contributory negligence on the part of Mrs. Roberson.

Plaintiff was granted a solidary judgment in the sum of $1500 against all defendants, and they have appealed.

U. S. Highway 80, in the immediate vicinity of the scene of the collision, runs east and west, is of concrete paving 18 feet in width, and is straight and level. Guard rails on each side parallel it. A slight hill or rise exists in the road approximately six-tenths of a mile east of the locus.

Mrs. Rodriguez was driving in a westerly direction from her home in Monroe, Louisiana, to that of her father in Minden, Louisiana. Accompanying her were her two children, ages two and four respectively, and a negro nurse. One child was seated next to the driver, while the other was in the rear seat with the nurse. She negotiated the above mentioned rise and coursed along the straight, level stretch at a speed of approximately forty miles per hour. In front of her, and moving in the same direction as she, was an animal propelled vehicle. We shall term it a wagon.

As Mrs. Rodriguez neared the wagon an automobile approached from the west. Believing that a safe passage could not be

made, her brakes were applied with the view of bringing the car to a stop. It was during the course of this maneuver, and while she was practically stopped, that the front end of the Roberson car crashed into the left rear portion of her machine, resulting in the injuries for which damages are herein claimed.

Mr. Roberson at the time was likewise driving his car in a westerly direction. Seated beside him was his wife, the plaintiff herein. After proceeding over the slight hill he observed the Rodriguez car ahead, but at no time saw the wagon. He was driving at a faster rate of speed than Mrs. Rodriguez and by reason of this soon overtook her. The approaching machine, which he noticed, and which was the cause of Mrs. Rodriguez's stopping, prevented his immediate passing and compelled his trailing Mrs. Rodriguez for a very short distance estimated by him at about thirty feet. Regarding his operation of the car, he testifies:

"I was going towards Minden on Highway 80 about three miles west of Gibsland and I overtaken an automobile which I pulled up within about approximately 30 or 40 feet from the rear waiting for an oncoming car to pass so that I could go on around it, a lady was driving, found later, driving 35 or 40 miles per hour. I trailed along for maybe 30 or 40 feet waiting for this car to get by so I could go on and it was on a nice long stretch of road, * * *."

When the stopping of the lead car was noticed, Mr. Roberson applied his brakes. His machine began to waver. This prompted a slight lifting of his foot and the partial releasing of the brakes. The impact then occurred. It was impossible for him to steer either to the left or the right because of the approaching car on one side and the guard rails on the other. Mrs. Rodriguez was unaware of the Roberson car's trailing until she was in the act of stopping.

With reference to whether Mrs. Rodriguez's stop was sudden or gradual, the testimony of the witnesses is conflicting. Plaintiff and her husband are of the belief that it was of the former type. Mrs. Roberson says: " * * * What I saw it looked like the car just squatted and stopped." Defendants contend that it was gradually made. The physical facts, disclosed by the record, compel the conclusion that the stop was not sudden and abrupt, although we think that it was not a long, slow, gradual one. No injury was sustained by any of the occupants of the Rodriguez car. Undoubtedly an abrupt stop, with a consequent unbalancing of the parties seated therein, followed immediately by the sudden pushing or jolting of the vehicle, would have produced injury to some of them.

It is urged by plaintiff's counsel that the evidence discloses two violations by Mrs. Rodriguez of the provisions of Act 21 of 1932, the State Highway Regulatory Statute, viz.: "First, in bringing her automobile to a sudden and abrupt stop in the path of an oncoming vehicle from the rear without giving any signal of her intention to do so, and, second, in having her automobile so loaded that she had no view to the rear by means of her rear-view mirror, * * *"; and the argument is advanced that a violation of a traffic ordinance or statute constitutes negligence per se. The principle of law contended for by counsel is supported by the jurisprudence of this state. Pettaway v. K. C. S. Drug Co., La. App., 166 So. 902.

However, even if the evidence, which is conflicting, preponderates as claimed by plaintiff and discloses the mentioned violations, the negligence resulting would not be actionable unless it was the or a proximate cause of the injuries. Richie v. Natchitoches Oil Mill, 178 So. 752. In Blashfield's Cyclopedia of Automobile Law & Practice, Permanent Edition, Vol. 4, § 2599, it is stated that:

"Failure to comply with a statute requiring the giving of signals by motor vehicles to warn other travelers of impending danger does not constitute actionable negligence unless it is the cause of the injury of which complaint is made * * *."

We find it unnecessary to resolve the conflicts regarding the questions of fact of whether or not the hand signal was given by Mrs. Rodriguez or her car was so loaded that vision through her rear-view mirror was impossible; for granting arguendo that she violated the provisions of the regulatory statute in the respects mentioned, such violations, in our opinion, did not proximately cause the colliding of the vehicles.

In Huddy's Encyclopedia of Automobile Law, Vol. 3–4, § 126, we find:

"The driver of the front car owes no duty to the rear car except to use the road in the usual way, in keeping with the laws

of the road; and until he has been made aware of it, by signal or otherwise, he has a right to assume, either that there is no other automobile in close proximity to his rear, or that, being there, it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner. In the absence of facts or circumstances that would put him on notice of the near approach of another automobile from his rear, the driver may drive fast or slow, select the parts of the road best suited to travel, stop or start at will, or turn into side roads, without the giving of signals of such intentions. Of course, the rule is different on the streets of a city or other place where there is considerable traffic. Where the passage of vehicles is constant and frequent, the law requires that all drivers exercise care for traffic in the rear."

This last quoted rule of law is also found in 2 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, § 931, and is quoted and followed in Fuld v Maryland Casualty Co., La.App., 178 So. 206.

Rule 8 (a) of Section 3 of Act 21 of 1932, which was in effect when the accident occurred, states that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."

█ The proximate cause of the collision in question, we think, was Mr. Roberson's violation of the last quoted statutory provision, that is, his negligence in following the Rodriguez machine too closely at the speed he was employing and in not having his car under proper control. While trailing the lead car he was, according to his own testimony, traveling at least 35 miles an hour and was "possibly 30 feet and not over 40" behind it.

██ This court, in Overstreet v. Ober, 14 La.App. 633, 130 So. 648, 649, 650, with Justice Odom writing the opinion, stated:

"We think a speed of 25 or 30 miles an hour was excessive under the circumstances shown in the present case. Appellant's driver saw the truck ahead of him and did not, he says, intend to pass it. He drove up to within 25 or 30 feet of it, still maintaining a speed of 25 or 30 miles an hour. He says that, when he saw the truck begin to turn, he did not have time to stop. That is no doubt true. But it was negligent for

him to follow so close behind the truck at such speed that he could not stop in case of emergency. We quote the following from Blashfield's Cyclopedia of Automobile Law, vol. 1, § 29, p. 454: 'In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic.' "

The Overstreet case and Fuld v. Maryland Casualty Company, supra, were cited approvingly in Session v. Kinchen, La. App., 178 So. 635, 636. In the opinion of the last mentioned authority the Court of Appeal of the First Circuit said:

"In our opinion, plaintiff has failed to prove that the accident was caused by the negligence of Kinchen. On the contrary, the evidence shows that the proximate cause of the accident was the negligence of the driver of the car in which plaintiff was riding in following the Kinchen car in such close proximity as to be unable to stop his car in time to prevent hitting the car in front. Williams was going 35 or 40 miles per hour, and it was certainly the grossest kind of negligence for him to drive at this speed only 25 or 30 feet behind the car in front. He was violating rule 8, section 3, of Act No. 21 of 1932, * * *."

Plaintiff's counsel rely strongly on Hill v. Knight et al., 163 So. 727, 729, decided by this court. The accident involved therein occurred on a much travelled street within the City of Shreveport, rather than on a country highway, and the two cases may be distinguished by reason of that difference. In fact, in our opinion in that controversy we said:

"Conditions in the country differ so greatly from those in a city, and in a city, in different sections and on different occasions, that no hard and fast rule can be laid down. Each case must be decided according to its own peculiar conditions."

█ Furthermore, such distinction is recognized in § 126, Vol. 3-4 of Huddy's Cyclopedia of Automobile Law, quoted supra, and in the following quotation from 2 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, § 931, cited supra:

"Of course the rule is different on the streets of a city, where the passage of automobiles along the streets is constant and frequent, requiring of all drivers of motor vehicles a high degree of care and watchfulness; this of itself being sufficient notice of the near approach of other cars."

In the brief of counsel for plaintiff, we find:

"Furthermore, the evidence shows that Mrs. Rodriguez had ample opportunity to avoid the collision. Her own witness stated that she had ample time to go around the wagon ahead of her without colliding with the car coming from the opposite direction."

The impliedly made contention is, we think, untenable. The oncoming or eastbound automobile was very near the wagon when Mrs. Rodriguez began the stopping of her car. It was not encumbent upon her to venture into its path and around the slow moving vehicle at the risk of endangering her life and those of her children and the nurse, even though the probabilities were that a successful passage could have been accomplished.

For the above reasons, the judgment is reversed and set aside and plaintiff's demands are rejected at her cost.