REGAN, Judge.
Plaintiff, Mrs. Shirley Patterson Maloz, instituted this suit against the defendants, New Orleans Public Service, Inc., and Pacific Indemnity Company, insurer of Wilson L. Maloz, in whose car plaintiff was a guest passenger, endeavoring to recover the sum of $13,967 for personal injuries and medical expenses incurred by her as a result of an accident on February 25th, 1951, at 6:00 P. M. in the intersection of Freret and Marengo Streets, between the automobile in which she was riding and an omnibus owned by the New Orleans Public Service, Inc., and operated by one of its employees, Thay Maddox.
The defendant, New Orleans Public Service, Inc., answered and denied the existence of any negligence on the part of its employee and averred that the accident was caused solely through the negligence of Wilson L. Maloz, the owner and operator of the car in which plaintiff was a passenger and also the direct negligence of the plaintiff and, in the alternative, pleaded the contributory negligence of both plaintiff and her husband, Maloz.
The defendant, Pacific Indemnity Company answered denying any negligence on the part of its insured and asserting that *341 the operator of the omnibus was entirely responsible for the collision.
This case was consolidated with a similar suit arising out of the same accident ■in order to facilitate and expedite the trial thereof. The suit referred to is entitled Fontana, v. New Orleans Public Service, Inc., and Pacific Indemnity Company, La. App., 65 So.2d 343.
There was judgment in the court, a qua, in favor of the plaintiff in the sum of $4500 against the defendant, Pacific Indemnity Company and dismissing her suit as to the other defendant, New Orleans Public Service, Inc. From this judgment both the Pacific Indemnity Company and the plaintiff have appealed.
The record reveals that the situs of the accident, Freret and Marengo are both paved and two way streets; on February 25th, 1951, the plaintiff and Mrs. Pátterson were guest passengers in an automobile, owned and operated by plaintiff’s husband. The front seat was occupied by Maloz, the driver, one of his children and plaintiff, who was seated on the extreme right thereof. Mrs. Patterson was seated on the right ■ of the rear seat opposite plaintiff’s second child. The car was proceeding in Marengo Street in the direction of the lake and the omnibus was being operated in Freret Street in the direction of Napoleon Avenue. The accident occurred when the omnibus of the New Orleans Public Service, Inc., collided with the Maloz vehicle in the intersection.
On the trial of the case counsel for plaintiffs called as witnesses four doctors, a photographer, Mrs. Maloz and Mrs. Patterson and then called the respective operators of the vehicles involved in the collision, Maloz and Thay Maddox, under cross-examination. Upon the termination of this testimony plaintiffs rested their case. At this point counsel for the defendant, Pacific Indemnity Company was of the opinion that the testimony of its insured, Maloz, conclusively established his freedom from negligence and, therefore, did not introduce any evidence on behalf of its insured, but chose instead to dictate into the record an exception of no right or cause of action, which was overruled. At the conclusion of the trial in the court, a qua, counsel for the Pacific Indemnity Company insisted and, on appeal so argues, that the- testimony of witnesses offered by the co-defendant, New Orleans Public Service, Inc., could not be evaluated by either court for the purpose of establishing negligence on the part of its insured, Maloz, however, the opinion in Driefus v. Levy, La.App., 140 So. 259, 261, is to the contrary. In that case the court said:
“The ruling of the lower court was correct. In Overstreet v. Ober et al, supra [14 La.App. 633, 130 So. 648], this court held that a plaintiff, suing defendants in solido for personal injuries, may introduce testimony fixing responsibility on both or either ([LSA] Civ.Code, arts. 2091, 2324), and defendants may introduce testimony to negative allegations of fault charged against them, and testimony introduced by either of the defendants sued in solido, if admissible, is part of the whole case and properly considered in determining the liability.”
Counsel for the defendant, Pacific Indemnity Company, insists that there was no logical foundation for’ the rationale of the Driefus case and, therefore, it should be overruled, however, in our opinion, we believe it to be based on sound adjective and substantive legal philosophy.
In any event, assuming arguendo, a view most favorable to the Pacific Indemnity Company that the testimony of witnesses offered by the co-defendant cannot be evaluated by the court for the purpose of establishing negligence on the part of its insured, Maloz, then we are of the opinion that Maloz’ testimony per se convicts him of negligence. He testified that he was traveling on Marengo Street; that he brought his car to a stop in obedience to a stop sign on the righthand side of the street, approximately ten feet removed from the intersection of Marengo and Freret Streets; the front of his car was six or seven feet past the stop sign; he looked to the left and observed nothing approaching; he then looked to his right and observed a bus in Freret Street approximately a block away; that he did not calculate its speed but assumed that he *342 had plenty of time “to beat it across” the intersection; he looked at the approaching bus for ten or fifteen seconds and then Started across the street in first gear, heard one of his children scream, noticed the bus almost upon him, quickly shifted to second gear, accelerated the engine endeavoring to clear the path of the bus, but he was unsuccessful, the accident occurred which ultimately resulted in this litigation.
It will, therefore, be appreciated that the testimony of Maloz is sufficient to warrant a finding of negligence against him. He occupied a position of safety and without exercising reasonable precautions which the law ordains and which common sense dictates maneuvered his automobile from its position of safety into heavily trafficked Freret Street, a preferential thoroughfare. If Maloz, who was in the less favored street, actually did stop at the corner he discharged but a part of the duty imposed upon him. He was required to go further then merely bringing his vehicle to a stop. This action must be followed by a careful appraisal of traffic on the right of way street and no entry should have been made therein unless conditions clearly warranted it. Harrell v. Goodwin, La.App., 32 So.2d 758; Porter v. deBoisblanc, La.App., 64 So.2d 864.
Since we are of the opinion that the court, a qua, was correct in overruling Pacific Indemnity’s exception of no right or cause of action, we shall resume the initial continuity of this decision, particularly with reference to the testimony of other witnesses concerning the negligence of Maloz.
The testimony of Mrs. Maloz and Mrs. Patterson was substantially the same. While they both said that Maloz brought his vehicle to a stop in Marengo Street before traversing Freret Street, they asserted that they were engaged in an animated conversation at the moment of the accident and, therefore, failed to observe any factors leading up to the collision.
Three witnesses, Clearo Carey, a passenger in the bus, L. T. Eastland, who was standing on the uptown corner of Marengo Street, and Edward J. Cambre, who was operating his car in Freret Street, all testified to the effect that Maloz did not stop before entering the intersection. Patrolman John Bernius, Police Sergeant Edmund T. Gorman, who arrived on the scene shortly after the occurrence of the accident, and Maxwell L. Dodson, who was on the sidewalk of Marengo Street, walking in the direction of Freret Street, testified that Maloz stated, in their presence, that he had obeyed the stop sign, but that his foot slipped off the clutch and his car lurched into the path of the bus.
We now focus our attention upon an analysis of the evidence with respect to the negligence of Thay Maddox, the driver of the omnibus. He testified that on this Sunday afternoon he stopped to discharge or take on passengers two blocks before the intersection where the accident occurred; as he approached Marengo Street he was travelling between fifteen and twenty miles per hour, approximately six feet removed from the righthand curbing of Freret Street; that when he arrived at a point about sixty feet from Marengo Street, he looked both to his left and right and observed no traffic approaching; he then looked forward again and when he was approximately twenty feet removed from the intersection he saw the fast moving Maloz automobile about to enter Freret Street; that when he first observed the Maloz car it was just passing the stop sign and it was traveling in the downtown lane of Marengo Street about three to eight feet removed from the left curbing; he was aware that this automobile would not stop for Freret Street and he thought first of veering his bus into the left traffic lane thereof to- avoid the impending collision, but quickly observed another automobile (that of Cam-bre) approaching from the opposite direction and believing that he would collide with it, swerved his bus to the right and applied his brakes, but there was not sufficient distance remaining in which to stop his bus before the collision and the left front thereof, which was then slightly turned to the right, struck the right rear of the Maloz automobile. Maddox further testified that immediately after the accident Maloz approached him and said “Buddy, it was my fault, you have nothing to worry about.”
*343 This statement was verified by Gorman, the Police Sergeant. Gorman and Bernius further stated that it was at this time that Maloz admitted to them that his foot slipped off the clutch causing his car to lurch into the path of the bus.
A careful analysis of the evidence abundantly reflects that the omnibus approached Marengo Street in a prudent manner. The stop sign officially erected in Marengo Street had the effect of making Freret Street a “through street.” Hooper v. Toye Bros. Yellow Cab Company, La. App., 50 So.2d 829. The bus operator had a right to believe that any motorist approaching in Marengo Street would stop before entering Freret Street in obedience to the stop sign therein, therefore, when he was sixty feet removed from Marengo Street and there were no vehicles approaching Freret Street, it was proper for him to assume that any vehicle outside of his range of vision would stop in obedience to the sign therein erected. We, therefore, are of the opinion that Maddox was free of negligence.
We have carefully analyzed the record with respect to any negligence which may have been indicated either actively or passively by Mrs. Maloz or Mrs. Patterson and we are convinced that both of these litigants were free from any direct or contributory negligence in connection with the accident.
As a result of the accident Mrs. Maloz sustained bruises about the body, arms and thighs. She experienced pain in the lower region of her back, particularly when she sat down. In March of 1951 she consulted an orthopedist, whom she visited on two occasions. In June, 1951, she was examined by Doctors C. A. Waggenspak and James A. Lyons, Jr. Later she was referred to Dr. Harry D. Morris, Orthopedist. X-rays were taken which revealed that Mrs. Maloz had an acute anteflexed coccyx. Dr. Morris recommended novo-caine injections which relieved the pain temporarily, after which Dr. Morris was of the opinion that an operation was necessary. In .November, 1951, the two last segments of the coccyx were removed by surgery. Mrs. Maloz was confined in the Hospital for a period of twelve days. Dr. Morris further testified that there was a possibility of future trouble and that he was unable, at the time of the trial, to state whether the operation was successful in view of the fact that approximately six months should elapse from surgery in order to determine whether an operation had been successful. Mrs. Maloz testified that she still continues to suffer severe pain. Drs. Morris, Waggenspak and Lyons were of the opinion that the injuries incurred by Mrs. Maloz to her coccyx were the result of the collision between the bus and her husband’s automobile on February 25th, 1951.
The trial court awarded plaintiff the sum of $4500. Plaintiff did not answer the appeal perfected by the Pacific Indemnity Company, therefore, we are not privileged to increase this award.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.