ELLIS, Judge.
This case involves a rear end automobile collision which was tried in the district court and judgment rendered in favor of the defendant dismissing the plaintiff’s suit, from which judgment the latter has appealed.
The facts are conflicting but simple. It is the plaintiff’s testimony that she was driving east on Highway 190 in the Parish of Livingston, Louisiana, on October 15, 1955, and was following the car owned and being driven by the defendant; that she saw the defendant apply his brakes and start to-skid and that although she could have stopped she decided as no traffic was coming from the opposite direction to blow her horn and blink her lights and pass to the left of the defendant’s car; that just as she was in the act of passing, the defendant lost control of his car, came over into her left lane and struck her automobile which resulted in its spinning around in the highway and ending up facing in a southeast-northwest direction.
Defendant gives a different version in that he states he was traveling east at about 60 miles per hour on this highway accompanied by his wife, when a car passed him and shortly thereafter he came to an immediate stop which necessitated a quick *825 stop by the defendant. He applied his brakes and knowing plaintiff was following him, glanced in his rear view mirror and saw her trying to stop her car. Before he came to a complete stop and was still going approximately 10 miles per hour, the right front of the plaintiff’s car struck his left rear taillight and bumper. Defendant managed by “a matter of inches” to stop before hitting the car that had suddenly stopped in front of him, to discharge a passenger.
The defendant, and he was corroborated in all of his testimony by his wife, positively stated that he never got over the center line of the highway but remained in his own right-hand lane and that he never lost control of his car.
The District Court Judge comments upon the fact that the plaintiff failed to call as a witness her 21 year old niece who was with her at the time of the accident and offered no reason for not calling her as a witness, although she was employed in New Orleans at the time of the trial. However, plaintiff did call as a witness Richard McLin, who was attempting to hitch-hike a ride and was standing on the side of the road and testified that he saw the entire accident. He stated that the car in front of the defendant came to a stop off of the paved portion of the highway 45 or 50 feet beyond the point of impact, that the defendant had applied his brakes and his car was apparently out of control and swerved over into the north lane and was struck by plaintiff’s car. The plaintiff denies that the car stopped off of the road prior to the collision, however, this is immaterial as it is not disputed that the car did stop or start to stop in front of the defendant so that it was necessary that he apply his brakes in the manner and at the time in order to avert colliding with the front stopping automobile. Defendant states that the car pulled off on the side of the highway after the actual impact or collision.
There is no question but that the defendant was confronted with a sudden emergency, which he had no part in creating, and was free from fault. The car which suddenly stopped in front of him had just passed him and he would not be expected to anticipate that immediately after passing him the car would apply its brakes and come to a stop. We see no negligence on the part of the defendant.
The District Judge was of the opinion that the plaintiff was guilty of negligence in following too closely and not keeping a proper lookout under the authority of Max Barnett Furniture Co., Inc. v. Barosse, La.App., 70 So.2d 886; Burns v. Evans Cooperage Co., Inc., 208 La. 406, 23 So.2d 165; Vienne v. Chalona, La.App., 28 So.2d 154; Roberson v. Rodriguez, La.App., 186 So. 853; Hill v. Knight, La.App., 163 So. 727; Roberts v. Eason, 6 La.App. 703.
The District Judge further reasoned that if the defendant did skid into the left lane that the plaintiff was still negligent and more so because she testified positively that she could have stopped and that she knew that the defendant had applied his brakes and was skidding and yet chose to attempt to pass under these facts and circumstances.
Regardless of whether the plaintiff was guilty of negligence in following too closely and not keeping a proper lookout or in attempting to pass the defendant’s vehicle under the facts and circumstances well known to her at the time, the defendant being free of any negligence cannot be cast in judgment.
For the above and foregoing reasons the judgment of the District Court is hereby affirmed.