PRICE, Judge.
These two tort actions, which were consolidated for purpose of trial and appeal, arose out of a two-car collision occurring on U. S. Highway 80, east of Bossier City, on May 6, 1967. On this date Mrs. Dorothy Talley was driving a 1962 Pontiac automobile westerly in the outside, or right-hand, lane of Highway 80. Lloyd Bennon Green, Jr., minor son of Mrs. Dorothy Bonnette Green, was driving his mother’s 1961 Chevrolet automobile in the inside or left lane of Highway 80. As the Green vehicle was about to pass the Talley automobile, Mrs. Talley suddenly applied the brakes of her vehicle, causing it to slide into the left lane and into the path of the Green car. The two vehicles collided, resulting in the death of Mrs. Talley’s mother, Mrs. Myrtle Garrett, who was riding in the Pontiac automobile as a guest passenger. Lloyd B. Green also sustained an injury to his right knee and .a partial severance of the patella tendon.
The first action was Suit No. 11,126 by Mrs. Dorothy B. Green, individually and on behalf of her minor son, against David Talley and Dorothy Talley, husband and wife, for property damages to the automobile owned by Mr. Green, and for personal injuries to her minor son. Also made a defendant was Aetna Casualty and Surety Company, the liability insurer of Mrs. Green, who plaintiff contended was liable under the non-insured motorist clause because of the non-existence of liability insurance on the Talley automobile.
Mrs. Talley was specifically charged with negligence in failing to maintain proper control of her automobile, and driving at an excessive rate of speed in a careless and reckless manner- under the prevailing climatic conditions. It was also alleged that she had the last clear chance to avoid the collision.
Plaintiff, Mrs. Green, subsequently filed a supplemental petition in which she named as additional defendants Harold Ray Doughty and his liability insurer, State Farm Mutual Automobile Insurance Company, alleging alternatively that the collision between the Green and Talley vehicles was due to the negligence of the minor son of Mr. Doughty, Harold Ray Doughty, Jr., in making a right turn off of Highway 80 *234 onto “Mahaffey” Road in a negligent manner, causing Mrs. Talley to suddenly apply her brakes and lose control of her automobile.
Defendants, Doughty and State Farm, .answered denying any negligence on the part of Harold Ray Doughty, Jr., and alleged that the accident occurred either solely from the negligence of Mrs. Talley or from the joint negligence of Lloyd B. Green and Mrs. Talley. Mr. and Mrs. Talley also answered, denying any negligence on the part of Mrs. Talley and charging that the accident happened either solely from the negligence of Harold Ray Doughty, Jr., or from the joint negligence of young Doughty and Lloyd B. Green. Aetna answered, admitting the negligence of Mrs. Talley and alleging negligence on the part of young Doughty, and plead contributory negligence against Lloyd B. Green as a bar to recovery by Mrs. Green. By third party proceedings Aetna sought contribution by Doughty and State Farm for any amounts it might be cast for in favor of Mrs. Green.
The second suit was brought by John A. Garrett, Dorothy Garrett Talley and John B. Garrett, the husband and children of the deceased, Myrtle Garrett, against State Farm Mutual Insurance Company, as the liability insurer of Harold Ray Doughty, Sr. This suit appears on our docket as No. 11,-127. In this action the plaintiffs charge the collision resulted solely from the negligence of Harold Ray Doughty, Jr. and seek damages for the death of Mrs. Garrett. State Farm answered this suit on the same basis that it set out in Suit No. 11,126, and also filed a third party action impleading Mrs. Dorothy B. Green as representative of her minor son, her insurer, Aetna Casualty & Surety Company, and Mrs. Dorothy Talley.
After trial on the merits the district court found that the accident resulted solely from the negligence of Harold Ray Doughty, Jr. in suddenly slowing his vehicle in the path of the Talley automobile and executing a right turn off of Highway 80 without giving a warning or signal to the following motorists. In Suit No. 11,126, judgment was awarded to Mrs. Green, individually, against Harold Doughty, Sr. and State Farm in the amount of $757.27. An award of $3,980.00 was made to Mrs. Green for the use and benefit of Lloyd Green, Jr. against State Farm and Doughty for personal injuries to her son and his loss of income. The demands of Mrs. Green against Aetna and Mrs. Dorothy Talley and her husband were rejected. The expert witness fee of Dr. William Fox was fixed at $50.00.
In Suit No. 11,127 judgment was rendered against State Farm in favor of John R. Garrett for $5,840.00, and to Dorothy Garrett Talley and John B. Garrett for $2,-080.00 each.
The defendants, Harold Ray Doughty, Sr. and State Farm have prosecuted these appeals, assigning as error the trial judge’s finding that the accident resulted from the sole negligence of Harold Ray Doughty, Jr.
The evidence in the record reflects that the accident occurred during daylight hours and that the weather was rainy and the roadway wet. It is further shown that U. S. Highway is a four-lane divided highway. The side road onto which the Doughty vehicle turned makes a “T” intersection with Highway 80 on the north side. This road is commonly called the “Mahaffey Road” and is just west of the Princeton community in Bossier Parish.
Mrs. Dorothy Talley testified that she was traveling westerly in the outside lane at about 50 to 55 miles per hour. She further testified that she first became aware that the 1962 Plymouth automobile, being driven by Harold Ray Doughty, Jr., was slowing or stopping when she was approximately 150 feet from the vehicle. She stated that she did not see any signal or brake lights and that she immediately applied her brakes, causing her car to slide sideways into the left lane and into the path of the automobile being driven by Lloyd B. Green. She testified that the resulting collision threw her mother, Mrs. Myrtle Garrett, from the car, killing her almost instantly.
*235 Lloyd B. Green testified that he was traveling at a speed of approximately 50 to 60 miles per hour in the inside lane and was overtaking a line of several cars in the right-hand lane when the car driven by Mrs. Talley skidded into his lane. He further testified that a white automobile was traveling slowly in front of Mrs. Talley and as it approached the intersection with the “Mahaffey Road” it seemed to apply its brakes suddenly. He testified that the back end of the car raised up and that no signal or brake lights were visible. He further placed Mrs. Talley’s vehicle at about two car lengths from the rear of the Doughty car when she applied her brakes.
Harold Ray Doughty, Jr. testified that he was traveling west at the time of this accident in his father’s 1962 white Plymouth automobile. He stated that he lived with his parents in their home, which is situated a short distance off Highway 80 on the “Mahaffey Road”. He further related that he was returning home from a store located about one mile east of the scene of this accident and was traveling at a speed of not more than 45 miles per hour. He testified that he activated the control for the electric right-hand turn indicator before beginning to slow to make the turn and applied his brakes-to reduce his speed just before making his turn. His car was not struck by either of the other vehicles and Doughty testified he did not know of the collision until sometime later. He testified that he knew the inside indicator on the turn signal was fluttering but could not tell if the outside signal light was operating properly. He testified that his father had the light repaired some two months after the accident.
The only other eye witness to this accident who made his identity known was Romey H. Warren, the driver of a tractor truck hauling cattle. He testified that his truck was the second vehicle behind the Pontiac of Mrs. Talley in the right-hand lane. He stated that there was a red Ford just behind Mrs. Talley at about three car lengths and that his truck was about 100 feet back from that vehicle. He further related that he had a good view of the road ahead because of the height of his seat in the truck. His testimony was to the effect that the Talley vehicle and the red Ford were traveling at about 60 miles per hour and were overtaking a slow moving white Plymouth traveling in the same lane. He stated that they were coming up on the Plymouth, rather quickly, at about the same time that the automobile driven by Lloyd B. Green was attempting to pass these vehicles at a speed of approximately 70 miles per hour. He further testified that he saw the brake lights of the Pontiac and the Ford flash on. Mr. Warren estimated that the Talley vehicle was about three car lengths from the Doughty car when the brake lights appeared. He stated that the Talley vehicle skidded into the left lane and that the Ford “fishtailed” but did not lose control. He could not recall whether any signal or brake lights were visible on the Doughty car, and stated that the Doughty car had partially turned off the road when the collision occurred.
In his reasons for judgment, dictated into the record at the conclusion of the trial, the district judge found that, although Lloyd B.Green might have been traveling at a speed that was excessive under the weather conditions prevailing at the time, his speed could not be said to have contributed to the cause of the accident. He reasoned that had young Green been at the same point on the road, at a slower speed, and the same sequence of events have occurred, he would still not have been able to have avoided striking the Talley car.
We are of the opinion that he was correct in not finding Lloyd B. Green negligent.
In his finding of negligence on the part of Harold Ray Doughty, Jr., the trial judge stated that the testimony of Mrs. Talley and Lloyd Green was more credible to him. He found that the subsequent actions of young Doughty indicated that he was aware of the .accident at the time it happened and that he was conscious that he might *236 have been involved in the accident. Doughty testified that he went home and told his mother he thought there had been an accident on the highway just after he turned off and that they went back to the scene but the parties involved were not there. He further stated that he and his mother examined the blinker lights the next day and found them to be working. This conduct on the part of young Doughty indicates he had doubts in his own mind as to the proper functioning of the blinker signals and the turn indicator. Lloyd Green, Mrs. Talley, and the truck driver, Warren, did not see any signal or brake lights. It is, therefore, apparent that the trial judge was correct in finding that no signal was given of Doughty’s intent to slow or turn.
LSA-R.S. 32:104 prescribes the duty on a motorist intending to slow, stop or turn on the highway as follows:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
“B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
“C. No person shall stop or suddenly decrease the speed of- a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal. Acts 1962, No. 310, § 1; Acts 1963, No. 33, § 2.”
In the case of Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763 (2d Cir., 1960), this court held that it was negligent for a driver to bring his automobile to a sudden or abrupt stop in a highway, without warning, in the absence of an emergency. In this same case the court had occasion to discuss the question of negligence of the following driver by following at too close an interval, as follows:
“We think our jurisprudence has firmly established the rule that failure to maintain a specified distance between automobiles does not of itself constitute negligence; that a driver is entitled to rely upon the assumption that the car ahead is being driven with care and caution in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger the following traffic.
“As long ago as 1935, in Hill v. Knight, 163 So. 727, this court recognized and approved the rule that a following driver should drive at such speed and maintain such an interval as would enable him to avoid collision with a leading car under circumstances which should reasonably be anticipated. This rule was followed and elaborated upon in Rhea v. Daigle, La.App., 72 So.2d 643, decided by our brethren of the First Circuit (writs denied), in which were cited, inter alia, Adams v. Morgan, La.App., 173 So. 540; Reeves v. Caillouet, La.App., 46 So.2d 373. Reference is also made to Peranio v. Superior Ins. Co. et al., La.App., 76 So.2d 315 (writ granted); and Soudelier v. Johnson, La.App., 95 So.2d 39.
“In a number of the cited cases our courts have referred to the rule as stated in Blashfield’s Cyclopedia of Automobile Law and Practice, Volume 2, page 107, and in American Jurisprudence, Volume 5, page 656.
“A restatement of the rule, of which we particularly approve, is found in *237 American Jurisprudence, 5A. Section 204, page 354, and reads as follows:
‘The driver of an automobile is not bound to anticipate negligence on the part of another driver, in the absence of anything to indicate otherwise. The care and diligence of the operator of a motor vehicle is to be measured in view of the assumption that others will not drive in a negligent manner, but this assumption does not apply if one sees, or by the exercise of ordinary care and prudence should see, that some other driver will not obey the law, or is unable to do so.’ ”
In the instant case Harold Ray Doughty, Jr. admitted that he was aware of some traffic behind him because he stated that he saw the cattle truck in his rear view mirror. Although he denies seeing the car of Mrs. Talley or the red Ford, there is no reason for him not to have seen these vehicles immediately behind him and the evidence is conclusive that they were there.
We can find no manifest error in the finding of the trial judge that the sole and proximate cause of this accident was the negligence of Harold Ray Doughty, Jr. in suddenly slowing his vehicle without giving any prior signal of this intent to the following motorist, Mrs. Talley.
The line of cases cited by appellant, beginning with the case of Fuld v. Maryland Casualty Company, La.App., 178 So. 201 (1st Cir., 1938), are inapposite to this situation, as there is a substantial difference in rural or country roads and modern four-lane highways.
We do not find that Mrs. Talley was guilty of any contributory negligence in this accident. Had the proper signal been given by Doughty for the distance prescribed by law, she would have had ample time to decrease her speed and maintain her proper interval without the necessity of having to suddenly apply her brakes to avoid striking the Doughty car. She was faced with an emergency not of her own creation and thus cannot be held negligent for making a sudden application of her brakes on the wet surface, causing her to lose control of her vehicle.'
For the foregoing reasons, we are of the opinion that the judgment in each of the cases appealed from should be affirmed at appellant’s cost.