No. 9762.

Orleans Appeal.

JOSEPH P. HENICAN, Appellant, v. P. L. WOODMAN AND JOHN H. BALDWIN.

(December 15, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused.)
(March 3, 1925, Decree Supreme Court. Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Insurance, Par. 162.**
The owner of an automobile which has been damaged may sue the wrongdoer in his own name, although he was insured and was paid his damage by the insurers.

2. **Louisiana Digest, Automobiles, Par. 4 a.**
It is the duty of the chauffeur driving behind an auto to so regulate his distance and his speed as not to collide with a car in front of him in case the latter comes to a stop.
(Civil Code, Art. 2315—Editor's Note.)

Appeal from First City Court, Hon. Henry Renshaw, Judge.

This is a damage suit following an automobile collision. There was judgment in favor of plaintiff, dismissing the plea of estoppel, but in favor of both defendants on the merits dismissing plaintiffs' demand as in case of non-suit. The plaintiff appealed.

Judgment reversed in part and affirmed in part.

Gordon Boswell, Milo Williams, attorneys for plaintiff and appellant.

J. C. Hollingsworth, R. W. Leche, W. A. Corteous, E. N. & P. N. Browne, S. J. Tennant, Jr., attorneys for defendant and appellee.

CLAIBORNE, J. This is a damage suit following an automobile collision.

Plaintiff avers that on October 15, 1923, at 8:30 a. m., his automobile was at a standstill on the driveway of St. Charles Avenue; that the defendants were each driving an auto down the same street, Baldwin following Woodman, when one collided with the other, just in the rear of plaintiff's auto, resulting in forcing Woodman's auto against plaintiff's auto, damaging it to the extent of $124.33; that both defendants were driving in a fast and reckless manner and did not have their auto under proper control and were not maintaining a proper lookout and failed to give the prescribed signal. He prayed for judgment against both defendants.

The defendant Woodman answered that

he was driving down St. Charles Avenue and that his auto was run into by an auto operated by John H. Baldwin, but denied all the other allegations of the petition.

The other defendant, Baldwin, admitted that he was driving down St. Charles Avenue and that while so driving his car came in contact with another auto in front of him driven by P. L. Woodman; he admitted the charge of negligence on the part of Woodman, but denied all the other allegations of the petition.

Woodman and Baldwin both pleaded as an estoppel that the plaintiff was without interest to prosecute this suit for the reason that he had been paid by an insurance company all the damages suffered by him in the collision and had subrogated it to all his right of action.

There was judgment in favor of plaintiff, dismissing the plea of estoppel, but in favor of both defendants on the merits dismissing plaintiffs' demand as in case of non-suit.

The plaintiff has appealed.

In the case of Hanton vs. N. O. Light and Power Co.; 124 La. 562, 50 South. 544 the court decided:

"Where the owner of property which has been destroyed by fire through another's negligence, has been paid part of his losses by an insurer who thereby becomes subrogated to the remedies of the assured, an action to recover from the wrong doer the value of the property destroyed is properly brought in the name of the assured, and the insurer is not a necessary party to such action."

The facts are that there were, among others, four autos driving down St. Charles Avenue. In front, a Ford coupe driven by Bernard; behind him, a Peerless sedan, driven by plaintiff Henican; behind him, a Moon seven-passenger touring car driven by Woodman; and behind him another Ford coupe driven by Baldwin. When Bernard reached Melpomene Street the car in front of him came to a very sudden stop and he had to stop, too. Henican's car also came to a sudden stop, barely striking Bernard's car in front. But Woodman's car in the rear, did not come to a stop in time, but bumped into Henican's car, causing the damage complained of. Henican's chauffeur says that prior to stopping he extended his hand as a signal, and both swear that they had stopped when Woodman struck them. Woodman does not deny any of that testimony; he admits that he saw Henican slowing up in front of him, but that he struck him because he could not stop.

It is evident that he should have kept at such a distance behind Henican, and that he should have been driving at such a slow speed, as would have permitted him to stop before colliding with the car in front when the latter stopped. If he failed to do so, it was negligence on his part, for the consequences of which he is liable, unless he proves that it was some extraneous power that moved him. He does not say that Baldwin's car struck him; and were it not for the latter's admission that he struck Woodman's car, there would be no evidence on that subject. But Baldwin says that his car did not strike Woodman's car with any force, and that the only damage to his car was two front headlights, the glass, and the lamps, amounting to six dollars. Besides, he was driving a Ford coupe while Woodman's car was a Moon seven-passenger touring car; it is not likely that a Ford coupe could have had much influence on such a car. We therefore think, with the trial Judge, that the plaintiff has failed to "establish his demand" as far as Baldwin is concerned.

The plaintiff has annexed to his petition a detailed statement of the repairs made to his auto and of the mechanics' time duly receipted by the United Motors Company, and he testifies that he paid it. There is nothing to contradict the correctness of the bill.

It is therefore ordered that the judgment herein in so far as Perley L. Woodman is

concerned, be reversed and annulled; and it is now ordered that there be judgment condemning the defendant Perley L. Woodman, to pay to the plaintiff, Joseph P. Henican, the sum of One Hundred and Twenty-four 33-100 Dollars with five per cent. per annum interest from December 17, 1923, till paid, and all costs of suit.

It is further ordered that said judgment be affirmed as far as John H. Baldwin is concerned.

Judgment reversed in part and affirmed in part.