No. 3693

Second Circuit

SWEDMAN v. STANDARD OIL CO. OF LA.

(December 31, 1929. Opinion and Decree.)
(January 21, 1930. Rehearing Refused.)

C. W. Easterling, of Monroe, attorney for plaintiff, appellee.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellant.

WEBB, J. Defendant appeals from a judgment in favor of plaintiff for damages to an automobile owned by the plaintiff, which was alleged to have resulted from a collision with a motortruck owned by the defendant, alleged to have been operated by an employee of defendant.

The collision occurred in the afternoon of August 16, 1928, on a paved highway in the parish of Ouachita. Plaintiff's automobile, which was trailing an automobile being driven by L. J. Jackson, was in advance of defendant's truck, which was trailed by a truck owned by a bakery company, and, the Jackson car being stopped, plaintiff's car was also stopped, and following defendant's truck collided with it, and the bakery truck in turn struck defendant's truck, and, swerving from the impact, came in contact with plaintiff's car.

On trial there was some evidence offered tending to show that some of the damages sustained by plaintiff's car resulted from its being struck by the bakery truck. However, the only questions urged here by the appellant are that the evidence established that the driver of plaintiff's car had failed to give a signal of his intention to stop, as required by the statute regulating traffic on the highways (Act No. 296 of 1928), and that the failure to comply with the statute was the proximate or contributing cause of the accident, and appellant also urges that the evidence failed to establish that the driver of defendant's truck was acting within the scope of his employment, and it is further urged that plaintiff having alleged that the ac-

cident occurred on July 12, 1928, the court erred in permitting plaintiff, over defendant's objection, to show that the accident occurred on August 16, 1928, and to recover damages to his car resulting from a collision on the latter date.

We are of the opinion that the allegation as to the date of the accident was merely a matter of description, which was not necessary for plaintiff to allege or prove, and, in view of the fact that plaintiff alleged other matters of description which fully advised defendant of the accident from which the damage resulted, we are of the opinion plaintiff was properly permitted to show the correct date on which the accident occurred, although different from that alleged (see Cross, Pleading, sec. 92, p. 110), and the evidence showing that the truck was owned by defendant and was being operated by one of its employees at the time of the accident was sufficient to warrant a recovery against defendant, in the absence of any evidence that the driver was not acting within the scope of his employment. May vs. Yellow Cab Co., 164 La. 920, 114 So. 836.

The contention that the collision resulted from, or was contributed to by, the failure of the driver of plaintiff's automobile to give a signal of his intention to stop, as required by the statute regulating traffic on the highways (Act No. 296 of 1928), involves a question of fact which was peculiarly within the province of the trial court. And, while it is shown that the driver of plaintiff's automobile did not give any signal of his intention to stop, it was shown that he did not bring the car to a sudden stop, and that it was stopped at the time it was struck by defendant's truck, and, if the statements of the driver of plaintiff's car, and of the plaintiff, who was riding in the car, be accepted, and the distance which the truck traversed from the time the car stopped until it was struck by the truck be fixed on their estimates of the intervening period, and the evidence showing the speed at which the truck was being driven, the distance would be so great that there could not be any excuse for the collision, without regard to the failure of the driver of plaintiff's car to have given a signal of his intention to stop.

On the other hand, if the version of the driver of the truck is accepted, it would show that he was trailing plaintiff's car at such distance it was impossible for him to avoid colliding with it in event the driver should bring it to a sudden stop either by reason of the car in advance of plaintiff's car being suddenly stopped or by the voluntary action of the driver, which would show that the driver of the truck was guilty of negligence (Blashfield, vol. 1, p. 454, sec. 29; Langford vs. San Diego Elec. Ry. Co., 174 Cal. 729, 164 P. 398; Henican v. Woodman, 1 La. App. 281), and that his negligence at least contributed to the collision, and conceding that the driver of the truck, even though negligent, should be relieved of liability if the failure of the driver of plaintiff's car to give a signal of his intention to stop contributed to the collision, the question of whether such failure did contribute to the accident is dependent upon the distance that plaintiff's car was being driven in advance of the truck.

While the estimates of the witnesses called by plaintiff as to the period intervening after the car was stopped, until the collision, when considered with the estimates of the speed at which the vehicles were driven, does not furnish very reliable data for determining the distance at which plaintiff's car was stopped in advance of the truck or the distance at which the

362

latter was trailing the car, on the other hand the estimate of the driver of the truck as to the distance at which the car was stopped in advance of the truck is shown to have been made after the car was stopped, and on an observation made when the collision was inevitable, as the driver of the truck, in an attempt to pass around the car, lost control of the truck, with the result that it skidded into collision with the car, and such estimate, either as indicating the distance at which the car was stopped in front of the truck or the distance at which the truck was trailing the car, is also not very reliable.

Neither the plaintiff nor the driver of his car knew that the truck was behind them, and, while the driver of the truck must have known that the plaintiff's car was in advance of the truck, and could have, if he was maintaining a lookout, informed the court of the time the vehicles had been proceeding in that order, as well as the distance maintained by him between plaintiff's car and the truck, his testimony leaves the impression he did not pay any particular attention to the situation until the moment of the collision, when it is admitted plaintiff's car had been stopped.

Giving any weight to the estimates of the witnesses called by plaintiff of the period intervening after plaintiff's car was stopped and the collision, it would appear that plaintiff's car had been stopped for an appreciable time prior to the observation made by the driver of the truck, and that the proximate cause of the accident was due to the failure of the driver of the truck to maintain a lookout, and from our review of the evidence we are impressed that such was the case, and not the failure of the driver of plaintiff's car to give a signal of his intention to stop.

The judgment is affirmed.