HEGEWISCH v. SEIFERTH

---

(July 1, 1931.   Opinion and Decree.)

---

Isaac S. Heller and Leopold Stahl, of New Orleans, attorneys for plaintiff, appellee.

Eraste Vidrine and Jas. G. Schillin, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   This is a suit for damages to plaintiff's automobile alleged to have been caused by the negligence of defendant.   The accident occurred at the intersection of Napoleon avenue and Claiborne avenue.   The plaintiff, Adolpho Hegewisch, was driving along Napoleon avenue from the river to the lake, and about 25 feet behind an automobile driven in the same direction by one Leon Tujague. At the intersection of Napoleon avenue and Clara street, several blocks nearer the river than the scene of the accident, the defendant, Miss Fannie Seiferth, entered Napoleon avenue, turned her car to the right, and started towards the lake, keeping abreast of the Tujague car.   When the three cars reached the intersection of Claiborne avenue, a very wide street separated by a neutral ground, and where there is a semaphore signal light which as the cars approached showed green, each of them continued across at the speed of about twenty miles per hour.   Miss Seiferth, after signaling her intention to turn to the left on the roadway of Claiborne avenue, crossed in front of the Tujague car and suddenly stopped, with the result that the Tujague car struck her car, and the plaintiff's car struck the Tujague car. Plaintiff claims that Miss Seiferth had not succeeded in straightening out her car in front of the Tujague car at the time she stopped, and that her car was, consequently, almost broadside in the path of the Tujague car, and this would seem to be plausible, because of the testimony to the effect that most of the damage to the Seiferth car was in the left rear section, but we do not regard the point as very important.

It is certain the accident was due to the sudden stopping of the Seiferth car. She explains her action upon the ground that before she could get into the far roadway and turn into Claiborne avenue, the semaphore signal had changed from green to amber, and from amber to red.   Her counsel insist that the Tujague and Hege-

wisch cars should have so controlled their speed as to stop without collision. Millsaps v. Hornsby, 6 La. App. 652; Youman v. McConnell, 7 La. App. 316; Swedman v. Standard Oil Co., 12 La. App. 361, 125 So. 481. It appears to us, however, that the cause of the accident was the failure of Miss Seiferth to comply with article 1, section 4 (c) of the traffic ordinance, reading as follows:

"A vehicle, when on a street divided by a neutral ground, desiring to turn to the left across the neutral ground shall turn the corner as near the left hand curb as possible.
"A vehicle intending to turn across the neutral ground should move to the left hand side of the street when about fifty feet from the corner and hug the curb until the intersection is reached, then turn as in the illustration."

According to Miss Seiferth's testimony, she signaled and started to cross the path of the Tujague car after she had entered the intersection of Claiborne avenue, and she either did not succeed in getting directly in front of the Tujague car and, consequently, was on an oblique angle, or, if she did straighten out before the accident, there was not time enough for the driver of the car behind her to stop without collision, after she signaled that she intended to stop. The Tujague car, which is shown to have been equipped with hydraulic brakes, was compelled to stop very suddenly, causing the collision in its rear with the Hegewisch car, resulting in damages for which this suit is brought.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS and JANVIER, JJ., absent, and take no part.

MORENO and DUNBAR, Judges ad hoc, participating.