### HILL v. KNIGHT et al.
#### No. 5161.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellants.

Irion & Switzer, of Shreveport, for appellee.

MILLS, Judge.

This suit is brought against Will Knight and his insurer to recover the sum of $113.35 for damage done the Plymouth coupé of plaintiff in a collision with the truck of defendant.

The two vehicles, on March 29, 1935, at about 10:30 a. m., were proceeding out Centenary boulevard in the city of Shreveport, at a reasonable speed of about 20 miles per hour, the truck leading and being driven in the course of his employment by Knight's negro employee. The coupé, driven by plaintiff, was following at a distance of a car length and a half, or about 15 feet. The truck was loaded with barrels and merchandise, partially obstructing the view to the rear. A negro boy, walking on the sidewalk to the right and on the lookout for a ride to the vicinity of Knight's place, saw the truck pass and called to the driver, who abruptly, and without signal or warning, applied his brakes and came to a sudden stop. Though plaintiff's car was equipped with hydraulic brakes, in good condition, which he immediately applied, he could not avoid running into the rear of the truck. Besides using the brakes, plaintiff attempted to cut to the left and pass the truck, which was traveling some six or eight feet out from the curb, but was prevented from doing so by on-coming traffic.

There were no cars ahead of the truck or parked on the right-hand side of the street in the direction the cars were going and no other impediment or situation to suggest a sudden stop of the truck.

Centenary boulevard is a wide, much-traveled street. The place of collision, near Centenary College, is well outside the congested business area.

The negro driver did not take the stand, his negligence not being seriously questioned. The issue to be decided is whether or not plaintiff was contributorily negligent, under the circumstances, in following the truck so closely. By actual test, the coupé, traveling 20 miles per hour, was stopped within 17 feet.

The lower court rendered judgment for plaintiff, as prayed for; from which judgment defendants have appealed.

Defendants cite the cases of Swedman v. Standard Oil Co., 12 La. App. 359, 125 So. 481, 482, Henican v. Woodman and Baldwin, 1 La. App. 281, and Roberts v. Eason, 6 La. App. 703.

The first case is not in point, the court holding: "Giving any weight to the estimates of the witnesses called by plaintiff of the period intervening after plaintiff's car was stopped and the collision, it would appear that plaintiff's car had been stopped for an appreciable time prior to the observation made by the driver of the truck, and that the proximate cause of the accident was due to the failure of the driver of the truck to maintain a lookout, and, from our review of the evidence we are impressed that such was the case, and not the failure of the driver of plaintiff's car to give a signal of his intention to stop."

In the present case, there was no failure on the part of plaintiff to keep a proper lookout or to stop as promptly as possible when the emergency arose.

In the Henican Case, the expression that the driver of a following car should keep at such a distance from the one in front, and drive at such a speed that would permit him to stop before colliding with the car in front when it stopped, must be taken in connection with the fact that the driver of the leading car held out his hand in warning, and that the following driver saw him slowing up, and still could not avoid a collision. In that case, four cars were closely following each other down St. Charles avenue, in New Orleans. The first car stopped suddenly, causing the second car, owned by Henican, to do likewise. Despite the fact that his chauffeur held out his hand and was seen slowing down by Woodman in the car following, he could not stop in time to avoid a collision. The distance between the cars is not given.

Undoubtedly a car should not follow another so closely that it cannot stop, when proper signal and warning are given, in time to avoid a collision, but that is not the situation in the case before us.

In the Roberts Case, on a rainy night, the following car, traveling 12 or 15 miles per hour, was within five or six feet of the leader, obviously too close. In that case these cars did not collide. The first car turned out to avoid striking a truck parked without lights; the following car could not see the truck in time because of its proximity to the leading car, and crashed into the truck. The action was between the driver of the colliding car and the owner of the parked truck.

In Stromer v. Dupont (La. App.) 150 So. 32, the following car was traveling at an excessive speed and crashed into that of plaintiff, who was slowing down gradually after signaling her intention to stop.

The strongest case for defendant is that of Overstreet v. Ober et al., 14 La. App. 633, 130 So. 648, 650, wherein the court squarely held that the driver of a car, making 25 or 30 miles per hour, was negligent in following within 25 or 30 feet of a truck. There was no question of contributory negligence in that case, the action being brought by an occupant of the truck, whose driver was found to be without fault in turning gradually into a side road after signaling his intention of so doing. In that case, the court quotes a paragraph from Blashfield's Cyclopedia of Automobile Law (vol. 1, § 29, p. 454), as follows: "In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic."

But we find this paragraph qualified by the following from the permanent edition of the same work, § 942:

"The driver of a car following a few feet behind another, *under circumstances such that he should anticipate the possibility of obstruction or trouble of some sort*, should have his car under such control or proceed at such a rate of speed that he can stop at once if the car in front stops.

"The only rule that can govern the interval to be maintained is that of reasonable care under the circumstances. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself. constitute negligence. In determining whether or not a driver was negligent in not maintaining a proper distance between his automobile and the one preceding him, the speed at which he was travelling, the condition of the road, the amount of traffic, the condition of his brakes, and his ability, acting wth ordinary care, to stop his car if required to do so by a situation *not produced by another's negligence,* should be considered.

"The mere fact that a motorist collides with a car preceding him along the highway does not invoke the doctrine of res ipsa loquitur, thereby placing a presumption upon him of negligence in following too close. The question of whether one vehicle trails another so closely as to constitute negligence, contributing to an accident due to the sudden stopping of the forward vehicle, depends on the circumstances, and is usually for the jury, or the trial judge sitting without a jury." (Italics ours.)

In the same case, quoting from Berry on Automobiles ([6th Ed.] vol. 1, § 1034, p. 870) to the effect that the following driver must look out for the one ahead, the court said: "So long as the man ahead is driving in accordance with his rights."

 In the present case, the leading driver was not driving within his rights, but, on the other hand, was grossly negligent.

We recognize and approve the rule of law that a following driver should drive at such a speed and maintain such an interval that he can avoid collision with the leading car, under circumstances which should reasonably be anticipated by him. We do not think the established facts in the instant case called for any anticipation on the part of plaintiff of the gross negligence of defendant's driver in abruptly stopping his truck, without any signal or conduct suggesting such action or any apparent circumstance calling for it.

Conditions in the country differ so greatly from those in a city, and in a city, in different sections and on different occasions, that no hard and fast rule can be laid down. Each case must be decided according to its own peculiar conditions.

We are satisfied from the meager damage done that, had defendant's driver slowed down gradually, pulled in to the curb, looked behind, or held out his hand in warning signal, plaintiff would have avoided the collision. Hegewisch v. Seiferth, 17 La. App. 199, 135 So. 712.

As only a question of fact is presented, and we find no manifest error in the judgment appealed from, it is affirmed.