This is an automobile damage suit on appeal from a judgment denying plaintiff's demands and rejecting defendant's claim in reconvention.
Plaintiff alleged that the accident resulted from defendant's negligence in proceeding at an excessive speed and in not perceiving plaintiff's stopping signal in sufficient time to stop before striking plaintiff from the rear.
The answer set forth that the accident occurred when plaintiff, without cause or reason, and without pulling his vehicle over to the right curb or giving any prior warning, suddenly and abruptly stopped, and that notwithstanding defendant's prompt application of his brakes and every other reasonable effort on his part, the right portion of his car struck the left rear of plaintiff's vehicle.
Plaintiff, driver of the leading vehicle, charged that the accident resulted from defendant's negligence in (1) proceeding at an excessive speed (2) not maintaining a proper lookout (3) not stopping his car or turning same aside before striking the rear of plaintiff's automobile.
[1] Plaintiff has established none of the above listed allegations. The record shows that both plaintiff and defendant were driving at a rate of speed reasonable under the circumstances. The record further shows that the accident occurred when the defendant was confronted by the emergency due to *Page 389 
plaintiff's abruptly stopping his automobile without advance warning and without pulling to the curb. Under these circumstances, the District Court correctly rejected plaintiff's demands.
[2] We next consider the reconventional demand of the defendant. In order to be successful, the defendant must establish the negligence of plaintiff with the same certainty as if he were himself plaintiff.
[3] The accident occurred near noon time on a clear day. Plaintiff was proceeding north along Southern Avenue in the city of Shreveport, Louisiana, when, upon seeing a young lady standing at the curb whom he recognized as a former schoolmate, he, without having given a prior hand signal, put his foot on the brake and brought his car to a stop, without changing direction other than to pull slightly toward the curb. Defendant, who was traveling some forty feet behind plaintiff, upon observing plaintiff's stopping maneuver, applied his own brakes but too late to avoid the collision.
Section 48 of Ordinance No. 207 of 1923 of the city of Shreveport provides:
"Section 48: Stopping at Curb. Exceptions. Be it further ordained etc. That all vehicles shall not stop other than at curb, except in an emergency, or to allow another vehicle, or pedestrian to pass in front, or upon the signal of a traffic officer."
The Louisiana Highway Regulatory Act (Act 286 of 1938, Rule 10 of Section 3, Dart's 5215) provides:
"(a) The driver of any vehicle * * * before * * * stopping * * * shall first see that such movement can be made in safety, * * *."
Plaintiff's stop was not on traffic signal nor was he at the end of a block. His sudden notion to stop, after recognition of his school friend, was not the sort of traffic "emergency" permitting a sudden stop under Section 48 above quoted. His car was six to nine feet from the right curb after the collision — nearer nine feet, according to the investigating traffic officer.
[4] The following language in the syllabus and opinion of this Court in deciding the case of Hill v. Knight et al., La. App., 163 So. 727, is appropriate to the case before us:
"In action for damages to automobile which collided with truck ahead of automobile, motorist held not contributorily negligent in following truck so closely as to be unable to stop in time to avoid collision where truck abruptly stopped, without warning, to pick up pedestrian. * * *
"We are satisfied from the meager damage done that, had defendant's driver slowed down gradually, pulled in to the curb, looked behind, or held out his hand in warning signal, plaintiff would have avoided the collision. Hegewisch v. Seiferth, 17 La. App. 199, 135 So. 712."
We conclude that plaintiff was guilty of negligence in stopping suddenly, in failing to give advance warning of his intention to stop, and in stopping away from the curb at a time when such a stop could not be made in safety. The above acts of negligence were the proximate cause of the collision in which defendant's car was damaged.
[5] Defendant's car was a Chevrolet special deluxe coach, which had been driven approximately 48,000 miles at the time of the accident. Something like a year before the accident, he had purchased the car secondhand for $1200. He received a $500 value trade-in on the car after the accident. Under these circumstances, we think an allowance of $400 for the damage done in the collision would be proper.
The judgment appealed from is affirmed insofar as it affects plaintiff's demands and reversed insofar as it affects defendant's reconventional demands. Judgment is now rendered in favor of defendant, Frederick Martin Smith, and against plaintiff, Perry Lee Smith, in the sum of $400, with interest at 5% per annum from November 13, 1947, until paid. Costs of the lower court and appeal to be paid by plaintiff. *Page 390