121 So.2d 763 (1960)
Joseph George NOMEY et al., Plaintiff-Appellant,
v.
GREAT AMERICAN INDEMNITY COMPANY, Defendant-Appellant.
No. 9215.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
Rehearing Denied July 18, 1960.
Holloway & Baker, Jonesboro, for plaintiff-appellant.
Campbell & Campbell, Minden, for defendant-appellant.
HARDY, Judge
This is a suit by husband and wife for the recovery of damages to property and person resulting from an automobile collision. From a judgment in favor of *764 plaintiff wife awarding the sum of $1,500 as damages for personal injuries, the defendants have appealed, and plaintiff wife has answered the appeal, praying for an increase in the amount of the award. Plaintiff husband has appealed from that part of the judgment rejecting his demands.
The accident occurred on Highway 80 about six miles east of Minden when the automobile owned by plaintiff husband, driven by Mrs. Philomena Thomas, in which plaintiff wife, Dolores Nomey, and her mother, Mrs. Anna Kalil, were passengers, collided with the rear of an automobile owned by the defendant, Chris E. Beck, driven by his wife, Mrs. Connie Beck, and insured by the defendant, Great American Indemnity Company. Immediately prior to the collision both vehicles had been moving in an easterly direction in the righthand lane of travel of the highway. Plaintiffs alleged numerous charges of negligence against Mrs. Beck, but the only one which we think necessary to notice involves the allegation that Mrs. Beck, without warning or signal, brought her car to a sudden stop in the path of plaintiff's following automobile. Defendants urged that the negligence of Mrs. Thomas, driver of plaintiff's car, in following the Beck car too closely and at an excessive rate of speed constituted acts of negligence which were the proximate causes of the accident, and alternatively, evidenced acts of contributory negligence which were imputable to both plaintiffs and consequently barred their recovery of damages.
In written reasons for judgment the district judge concluded that Mrs. Beck was guilty of negligence in bringing her car to a stop without any signal of her intention; that Mrs. Thomas was guilty of negligence in failing to have the Nomey car under control, moving at a speed of approximately 40 miles per hour and following the Beck car at a distance of only two or three car lengths; that the concurrent negligence of Mrs. Thomas was imputable to plaintiff husband since she was acting as his agent.
We think the true facts in connection with the occurence of the accident are clearly established by the testimony. We are completely in accord with the reasons assigned by the trial judge in rejecting the testimony of Mrs. Beck, which was obviously incorrect almost in its entirety.
On the day of the accident, Mrs. Nomey, who was more than eight months pregnant, had been to Shreveport for the purpose of an examination by her doctor; she was a passenger in her husband's car, which was being driven as an accommodation by Mrs. Thomas, and these two ladies were accompanied by Mrs. Nomey's mother, Mrs. Kalil. On the return trip from Shreveport to Jonesboro the party had encountered rain at or about the time of their arrival in Minden, which continued as they proceeded east on Highway 80. At a point several miles outside of Minden the Beck car entered the highway from the private driveway of the Beck home and turned east on the highway some 100 yards, more or less, in front of the Nomey car; the speed of the two cars appears to have settled to somewhere in the neighborhood of 40 to 45 miles per hour with the Nomey car following the Beck vehicle at a distance of some two or three car lengths; suddenly, without warning and without any signal, Mrs. Beck brought her car to a stop in the right lane of the highway; Mrs. Thomas attempted to avoid a collision by turning to the right since, according to testimony, traffic was approaching from the east in the other lane of the highway; the left front of the Nomey car struck the right rear of the Beck automobile and the Nomey car was thrown completely off the paved highway on the south side thereof. Mrs. Beck drove off, turned around, proceeded to her home and returned to the scene of the accident some 40 to 45 minutes after its occurrence. The accident was investigated by Trooper Whitman of the State Police, but his testimony adds nothing of substantial importance to the record.
Upon the basis of the above facts we think there is no question as to the gross *765 negligence of Mrs. Beck in bringing her car to a sudden stop in the main traveled portion of a highway without warning, without signal and without regard to the rights of following vehicles. Unquestionably this action was the proximate cause of the collision.
Proceeding to a consideration of the question of negligence on the part of Mrs. Thomas, we observe that our conclusion does not accord with that reached by our learned brother of the district court. The principal basis for the charges of negligence against Mrs. Thomas are found in the contentions that she was proceeding at a rate of speed which was excessive under existing conditions; that she was following the preceding vehicle too closely, and that she failed to have her car under such control that she could bring it to a stop without colliding with the lead automobile. Considering these charges in order, we find no negligence attributable to excessive speed. Conceding the fact that rain was falling and that the highway was wet, it does not follow that a speed of 40 to 45, or even 50, miles per hour would have been excessive. Nor does the fact that Mrs. Thomas was following the Beck car at an interval of only two or three car lengths constitute negligence under the circumstances. Mrs. Beck was not confronted with any emergency which required an abrupt stop, and the driver of the following car was entitled to rely upon the assumption that the driver of the car ahead would operate the vehicle in a prudent, cautious and lawful manner.
We think our jurisprudence has firmly established the rule that failure to maintain a specified distance between automobiles does not of itself constitute negligence; that a driver is entitled to rely upon the assumption that the car ahead is being driven with care and caution in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger the following traffic.
As long ago as 1935, in Hill v. Knight, 163 So. 727, this court recognized and approved the rule that a following driver should drive at such speed and maintain such an interval as would enable him to avoid collison with a leading car under circumstances which should reasonably be anticipated. This rule was followed and elaborated upon in Rhea v. Daigle, 72 So.2d 643, decided by our brethren of the First Circuit (writs denied), in which were cited, inter alia, Adams v. Morgan, La.App., 173 So. 540; Reeves v. Caillouet, La.App., 46 So.2d 373. Reference is also made to Peranio v. Superior Ins. Co. et al., La.App., 76 So.2d 315 (writ granted); and Soudelier v. Johnson, La.App., 95 So.2d 39.
In a number of the cited cases our courts have referred to the rule as stated in Blashfield's Cyclopedia of Automobile Law and Practice, Volume 2, page 107, and in American Jurisprudence, Volume 5, page 656.
A restatement of the rule, of which we particularly approve, is found in American Jurisprudence, 5A, Section 204, page 354, and reads as follows:
"The driver of an automobile is not bound to anticipate negligence on the part of another driver, in the absence of anything to indicate otherwise. The care and diligence of the operator of a motor vehicle is to be measured in view of the assumption that others will not drive in a negligent manner, but this assumption does not apply if one sees, or by the exercise of ordinary care and prudence should see, that some other driver will not obey the law, or is unable to do so."
In the instant case Mrs. Thomas was not confronted with any circumstance which would indicate the necessity of anticipating a grossly negligent act on the part of the driver of the Beck automobile. To sustain the charge of negligence against Mrs. Thomas would require a complete disregard of the rules and principles enunciated supra. There can be no doubt as to the correctness of the conclusion that *766 Mrs. Beck's action was prompted by a sudden notion to stop, and her action in response to this desire, without regard to the danger to following traffic attendant upon such action, was the sole as well as the proximate cause of the accident. A similar factual situation was considered by this court in Smith v. Smith, 36 So.2d 388.
As to quantum, which is made an issue by the answer to defendant's appeal on behalf of Mrs. Nomey, it is noted that the alleged injuries consisted of contusions and bruises; damage to the right central incisor tooth, and severe mental worry, anxiety and pain caused by the possibility of injury to her unborn child. The trial judge awarded the sum of $1,000 for damage and suffering resulting from the injury to Mrs. Nomey's tooth, and the sum of $500 for mental pain, suffering and anxiety. We concur in the assessment of damages resulting from the tooth injury, but we are of the opinion that the award for mental suffering is somewhat inadequate. While it is true that the child was born eight days following the accident, and that its birth and physical condition were normal, we do not think the natural anxiety of the expectant mother can be minimized. Following the accident Mrs. Nomey was returned to Shreveport, where she was hospitalized overnight for observation. Unquestionably, her nervous and mental systems sustained a severe shock, and it is reasonable to credit her testimony that her anxiety, fears and worry, evidenced by a nervous condition, continued for a period of some weeks despite the normal birth. We think the amount of the award should be increased by a sum of $500.
The damages claimed by plaintiff husband consisted of the sum of $100, representing the deductible amount under his policy of collision insurance, and substantial amounts for medical expenses. We find that the record sustains the claim for the car damage and for the sum of $56.77 in the nature of medical expenses directly attributable to the result of the accident. Accordingly, the judgment should be amended in all of the above particulars.
For the reasons assigned the judgment appealed from is amended and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Joseph George Nomey, and against the defendants, Great American Indemnity Company and Chris E. Beck, in solido, in the full sum of $156.77, and that there be further judgment in favor of the plaintiff, Dolores Nomey, and against the said defendants in the full sum of $2,000, with interest on the above amounts at the legal rate from date of judicial demand until paid, together with all costs of both courts.