125 So.2d 694 (1960)
Thomas ELDER, Plaintiff-Appellee,
v.
TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.
No. 5134.
Court of Appeal of Louisiana, First Circuit.
December 19, 1960.
Taylor, Porter, Brooks, Fuller & Phillips, Robt. Vandaworker, Baton Rouge, for appellant.
Burton, Roberts & Ward, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and JONES, JJ.
*695 ELLIS, Judge.
This is a suit by Thomas Elder for the recovery of damages to property and persons resulting from an automobile collision. From a judgment in favor of plaintiff awarding the sum of $74.84 for damages to plaintiff's automobile and $750 for personal injuries, the defendant has appealed, and plaintiff has answered the appeal praying for an increase in the amount of the award for personal injuries.
The accident occurred at about 9 o'clock in the morning on September 12, 1959, on West Campus Drive on the LSU campus in East Baton Rouge Parish, Louisiana, when the automobile owned by August B. Lacour and insured by the Travelers Indemnity Company, defendant-appellant, collided with the rear of the automobile owned by plaintiff. Immediately prior to the collision, both vehicles were traveling north; both plaintiff and August Lacour traveling at from 10 to 15 m. p. h.
Plaintiff testified that he was easing along looking for a parking place; saw an empty place to the right; brought his car to a stop; and commenced to shift his vehicle in reverse when he was struck by the Lacour car and that, as a result, he sustained the injuries which will be hereinafter discussed.
August Lacour, the defendant's insured, admits that he struck plaintiff's vehicle while it was stopped, but his version of the accident is that he had previously stopped to the rear of plaintiff's vehicle, while both parties allowed another vehicle to park; that both parties started up again and had traveled about ten feet when plaintiff suddenly stopped without any warning except that Lacour briefly observed the brake lights of plaintiff's vehicle come on; that he was unable to stop his car; and that if the brake pedal had caught a little higher, he could have stopped in time to avoid the accident.
Considering the testimony of defendant's driver, Lacour, in its most favorable light to defendant, it seems that he was guilty of negligence. In Vienne et al. v. Chalona et al., La.App.Orleans, 1946, 28 So.2d 154, 155, a case involving a similar factual situation, it was held "* * * for the rule is well settled that `The driver of a car following a few feet behind another, under circumstances such that he should anticipate the possibility of obstruction or trouble of some sort, should have his car under such control or proceed at such a rate of speed that he can stop at once if the car in front stops.'" See Vol. II of Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., section 942, at page 96, quoted with approval in Hill v. Knight, La.App., 163 So. 727."
It should have been obvious to Mr. Lacour, in view of the general traffic congestion in this area on the LSU campus used as a parking area and an area where vehicles commonly stop to let students out, that a sudden stop might be made at any moment. Lacour should have had his vehicle under such control that he could have stopped it at any moment. The fact that the plaintiff failed to give a hand signal had no connection with the accident, for, assuming that plaintiff made a sudden stop, it was not without warning for Lacour testified that he observed plaintiff's brake lights and there is no evidence that Lacour could have stopped had there been a hand signal.
Counsel for appellant, the Travelers Insurance Company, contends that the judgment of the District Court should be reversed on the basis of Nomey v. Great American Indemnity Company, La.App. 2 Cir., 1960, 121 So.2d 763. In this case a rear end collision occurred when two vehicles were traveling at from 40 to 50 m. p. h. on a wet road. The second vehicle was following the lead vehicle "a distance of only 2 or 3 car lengths". The lead car stopped suddenly, without any warning and without any signal. On the basis of this evidence the Second Circuit Court of Appeal held for the driver and occupants of the following vehicle.
*696 Our opinion is that there is a great difference between a sudden stop without any warning on an open highway, especially in rain, and both vehicles proceeding at speeds of from 40 to 50 m. p. h., and stopping at a place where vehicles normally stop to park or let out passengers; especially when both vehicles are traveling at very low speeds.
As an alternative, defendant-appellant contends that the case should be remanded for the introduction of certain evidence excluded by the trial court on the issue of the condition of the brakes of Lacour's vehicle and evidence to show the reaction time of Lacour, defendant's insured.
Considering our view of the case, it is unnecessary to pass upon this issue. However, due to its importance, we feel that it should be pointed out that such tests made more than six months after an accident would be of little relevancy due to changed road conditions, tires and most probably brake conditions.
As to quantum, which is made an issue by the answer to defendant's appeal, it appears that plaintiff suffered a mild whiplash type injury to his neck producing left myositis. This caused some pain for ten days after the accident and some discomfort for at least a month after the accident, particularly sore muscles and tenderness to pressure or quick movement of the neck.
Considering the evidence as a whole, we cannot say that the award of the lower court is either excessive or inadequate. The injury suffered by plaintiff is not as severe as the injuries suffered by the plaintiffs in the cases of Attaya v. Zimmerle, La. App., 83 So.2d 676, and Downs v. Hartford Accident § Indemnity Co., La.App., 116 So. 2d 712, where $2,500 and $3,000 were awarded for neck injuries, respectively. Although he did suffer some pain and considerable discomfort, the sum of $750 should adequately compensate him.
The plaintiff has shown $74.88 for damages to his automobile, and judgment of the lower court awarding $750 for personal injuries is in our opinion correct.
For the reasons assigned, the judgment below awarding plaintiff the sum of $824.88 is affirmed. All costs of this appeal to be paid by defendant.
Judgment affirmed.