HARDY, Judge.
This is an action for damages by plaintiffs, Paul N. Thornhill and wife, Orna Lee Hughes Thornhill, and Mrs. Betty Lou Hughes McDaniel. Plaintiff husband sued for recovery of medical expenses, his wife for damages in the nature of personal injuries, and Mrs. McDaniel, a married woman separated from her husband, for both medical expenses, and damages for person *539 al injuries. Plaintiffs’ claims resulted from an automobile collision on May 13, 1959, in which a car driven by Mrs. Thornhill, in which her sister, Mrs. McDaniel, was a passenger, was struck from the rear by a car driven by Mrs. Thelma McCarver, the assured of Massachusetts Bonding & Insurance Company, who were both named as defendants. The case was tried by jury which returned a verdict in favor of plaintiff, Paul Thornhill, in the amount of $545.-14, in favor of plaintiff, Mrs. Thornhill, in the amount of $1,250, and in favor of plaintiff, Mrs. McDaniel, in the amount of $735.15, against both defendants, in solido. Judgment in accordance with the verdict was duly signed, and plaintiffs, Mrs. Thornhill and Mrs. McDaniel, have appealed.
The sole issue is predicated upon appellants’ specifications of error that the judgments were grossly inadequate, wherefore they pray for a substantial increase in the amounts thereof. Defendants neither appealed nor answer the appeal. We are therefore concerned in this opinion solely with the nature and extent of the personal injuries to appellants attributable to the accident, and the amount of damages, which, in our opinion, should constitute adequate compensation therefor.
On trial of the case the principal evidence on behalf of appellants consisted of their testimony and that of their respective attending physicians. At the close of plaintiffs’ case defendants rested without presenting any evidence.
The accident occurred early in the afternoon of May 13th and plaintiff, Mrs. Thornhill, first consulted a physician, Dr. D. A. Hiller, Jr., who made an examination that night in the emergency receiving room of North Louisiana Hospital in Shreveport. Plaintiff complained of injuries to her back, neck, bruises and pain in her breast. Dr. Hiller did not consider her injuries serious and returned her to her home; another examination the following day resulted in negative X-rays but Dr. Hiller found a limitation of motion, muscle spasm in the lumbar spine, and a contusion of the foot, for which injuries he prescribed appropriate medication. On May 18th Mrs. Thornhill returned to her doctor, complaining of extreme nervousness and severe nausea, and on May 19th she reported to the doctor that vomiting had left blood in her mouth. On this date she was hospitalized for a period of ten days, during about a week of which she was placed in traction. The doctor’s diagnosis was primarily an acute lumbosacral sprain superimposed on a marked scoliosis with attendant nervousness and pain. Mrs. Thornhill remained under treatment by Dr. Hiller, consulting him at more or less frequent intervals through the months of June and July, and on two occasions in the month of August, 1959. Additional examinations were made by Dr. Hiller on July 7, 1960, and January 27, 1961, the latter being some ten days prior to trial of this case. From Dr. Hil-ler’s testimony on trial it must be concluded that from a medical standpoint he considered Mrs. Thornhill to be substantially recovered at the time of discharging her on the 31st of August, 1959, some three and one-half months following the occurrence of the accident.
The testimony of Mrs. Thornhill does not justify the conclusion that she suffered any serious residual disability, notwithstanding the continuance of pain of which she continued to complain even at the time of trial some twenty months after the accident.
In our opinion neither the medical testimony nor that of the plaintiff herself is sufficiently substantial to justify the award of any amount even approximating the sum of $10,000 as urged by counsel for this appellant. On the other hand we do think the award made by the Jury was somewhat inadequate. Unquestionably, Mrs. Thorn-hill suffered severe pain, discomfort and nervousness over a period of several months, and although discharged from treatment by her attending physician, we *540 find no reasonable ground to question her testimony that the pain continued for a more or less extensive period thereafter. Under these circumstances we think the award should be increased to the principal sum of $2,000.
Turning to a consideration of the claims of Mrs. McDaniel, we have carefully examined the testimony of this plaintiff and her attending physician, Dr. Norman H. Blass, and we find that the plaintiff suffered from nervousness and spasms of the neck muscles but not to such degree as necessitated hospitalization. On May 22nd Mrs. McDaniel suffered a second accident which involved only an injury to her right foot, and, of course, increased her nervous condition. At the time of the accident involved in this suit this plaintiff was pregnant and the expected delivery date of her child was approximated as being about August 6, 1959. The baby was prematurely born on June 17, 1959 and this fact appears to be the principal basis upon which plaintiff claims an increase in the allowance of damages. However, Dr. Blass testified that he could not separate the effect of the two accidents with respect to the premature birth. We have examined and re-examined the testimony of Mrs. McDaniel and have failed to find a word which would indicate any anxiety, nervousness, fear or worry on her part as to the possible effect of the accident upon her unborn child. In this respect the factual circumstances of this case are distinguishable from those present in Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763, cited by counsel. We cannot find any justification for an increase in the verdict of the Jury on behalf of this plaintiff.
For the reasons assigned the judgment appealed from is amended by increasing the amount allowed in favor of plaintiff, Orna Lee Hughes Thornhill, and against the named defendants, in solido, to the sum of $2,000 and, as amended, the same is affirmed at the cost of defendants-appellees.