CULPEPPER, Judge.
This is a suit for damages arising out of a 3-car collision. Plaintiff, Curley M. Fontenot, was a guest passenger of John M. Vidrine, who made a left turn at an intersection and struck an approaching vehicle driven by Mrs. Ethel Mire. Vidrine was then struck from the rear by the defendant, Joseph Jessie Guidry, who had been following Vidrine. Plaintiff settled his claim against Vidrine and his insurer for $4,000 and then filed the instant suit against Guidry. The district judge found plaintiff’s damages totaled $16,423.02. But, plaintiff having released one joint tort feasor, Vidrine, he was allowed to recover only one-half of these damages, i. e., the sum of $8,211.51. The defendant appealed.
The substantial issue is whether the defendant Guidry was following too close.
We will first state the law. LSA-R.S. 32:81 (A) provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
Our jurisprudence has established the general rule that a motorist following another vehicle must have his car under such control, and maintain such an interval, that he can safely stop if required to do so by any situation or emergency which he should reasonably have anticipated. Ray v. State Farm Mutual Automobile Insurance Co., La.App., 152 So.2d 566; Gandy v. Arrant, La.App., 50 So.2d 676; Fontenot v. Marquette Casualty Co., La.App., 161 *514 So.2d 467. As a general rule, the following motorist is not required to anticipate negligence of the preceding driver. Hill v. Knight, La.App., 163 So. 727; Plaisance v. Maryland Casualty Co., La.App., 169 So.2d 695; Nomey v. Great American Indemnity Co., La.App., 121 So.2d 763. Each case depends on its own facts, including speed, traffic, weather, the condition of the highway and locus of the accident. Plaisance v. Maryland Casualty Co., supra.
The general facts are that at about the noon hour on March 21, 1964, Vidrine, with plaintiff as a passenger, was driving in an easterly direction on U. S. Highway- 190 just east of Port Barre. Following directly behind Vidrine was the defendant Guidry, with one Robert Conway as a passenger. Immediately ahead of the Vidrine automobile was a slow moving eastbound “heavy truck”. These 3 vehicles were in a line approaching the Bayou Courtableau Levee, which crosses Highway 190 in a north-south direction. On top of the levee is a gravel road. The elevation of the levee blocks vision along the highway and a “no passing line” is in the center of the pavement.
As Vidrine came near the intersection, he turned on his right turn signal light. However, instead of turning right, he turned left out from behind the big truck into the westbound lane of traffic. Mrs. Mire was approaching on the highway and was unable to stop. The left front of her vehicle collided with the left front of the Vidrine vehicle at a point about 24 feet west of the intersection and near the center of the westbound lane of traffic. Plaintiff contends the rear of the Vidrine vehicle was then spun around counter-clockwise into the eastbound lane of traffic, where it was struck by the oncoming Guidry vehicle, which was following too close. Defendant contends the Vidrine vehicle was knocked backwards into the Guidry vehicle, which was, by then, either barely moving, or stopped, partially on the south shoulder.
Of course, the trial judge found Vidrine was negligent. In finding defendant Guidry was also negligent he stated:
“In the Court’s opinion, Guidry too, was negligent, and his negligence was a proximate cause of the second accident, and the resultant damages and injuries to plaintiff. It was defendant’s testimony that prior to the first collision, he was following the Vidrine car at some fifty to seventy-five feet, and driving at approximately fifty miles per hour. He could not pass Vidrine due to oncoming traffic and because of no passing yellow line on the highway. While he was yet some seventy-five feet behind Vidrine, Vidrine gave a directional light signal for a right turn, but turned left instead just before reaching the crest of the highway rise. Guidry’s passenger, Mr. Conway, testified that at the time of the first collision, Guidry was almost alongside of Vidrine. Clearly, Guidry was following too closely, and though he began to apply his brakes and pulled partly on the south shoulder of the highway as soon as the Mires-Vidrine collision occurred, he nevertheless participated in the creation of the situation in which he subsequently found himself. Indeed, climbing the highway incline such as he was, and following a vehicle which had previously given a signal for a turn (albeit the improper signal for the manuever which followed), he was immediately put on notice of his duty to proceed with utmost caution keeping a proper lookout and safe distance behind.”
The record clearly supports the findings of fact of the trial judge. In addition to the testimony of the witnesses, the physical facts support plaintiff’s version of the accident. Although the exact point of impact of the Vidrine and Guidry vehicles is not shown, the evidence does show that the left front of the Guidry car hit the left side of the Vidrine vehicle, near the rear; and that the Vidrine car spun counterclockwise and came to rest headed almost *515 due west in the eastbound lane of traffic. These physical facts are much more consistent with plaintiff’s contention, that the Vidrine car spun around, than with defendant’s contention, that the Vidrine vehicle was pushed backwards. Actually, we cannot reconcile defendant’s version of the accident with the physical facts.
We agree with the conclusion of the trial judge that Guidry was following too close. It is true Guidry was not required to anticipate Vidrine would negligently turn left into the path of the Mire vehicle. Nevertheless, the circumstances as a whole, as set forth in the above quoted portion of the trial court opinion, were such that Guidry should have reasonably anticipated some situation might develop which could require him to stop within the interval between his vehicle and that of Vidrine. Obviously, Guidry was not maintaining such an interval. Under the facts as we find them, the Vidrine vehicle was not pushed back a significant distance. Instead, its rear end was spun counter-clockwise, from the point of impact with Mire, across the eastbound lane of traffic, where Guidry hit its left rear side. Thus, Guidry could not stop in the interval he was maintaining behind Vidrine.
There is clearly no abuse of the trial judge’s discretion as to the quantum. The lower court’s opinion briefly described plaintiff’s injuries as follows:
“Plaintiff, fifty-two years at the time of trial, was at all times free of negligence. As a result of the concurrent negligence of Vidrine and defendant he suffered severe, painful and permanently disabling injuries. Dr. S. J. Deshotel, his attending physician who gave him emergency treatment on the day of the accident and who treated him subsequently, testified that initially, plaintiff was in shock and bleeding profusely. He suffered a deep laceration beneath the right chin into the tongue muscle and to the trachea of approximately five inches in length, requiring some one hundred twenty-five to one hundred thirty-five sutures, a lacera-ation of the bridge of the nose, a deep laceration of the left upper lip into the nose, a mild cerebral concussion, a very severe cervical sprain and low back sprain, a minor injury to the left knee, and many contusions and abrasions. It was the physician’s opinion that as a result of plaintiff’s cervical sprain, he suffered post traumatic arthritis which fused the third, fourth and fifth cervical vertebrae — those normally with the greatest range of motion, and that this condition was permanent from which plaintiff will continue to experience pain.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.