LANDRY, Judge.
Plaintiff, Billy Henderson, prosecutes this appeal from the judgment of the trial’ court rejecting and dismissing his action for damages for personal injuries received when the automobile of his host driver, A. J. Ancona, was involved in a three car collision which occurred at approximately 5:00 P.M., January 5, 1965, on U.S. Highway 190, an estimated 6.8 miles west of the Mississippi River Bridge in West Baton Rouge Parish. We find the trial court correctly dismissed' plaintiff’s claims because of the absence of negligence on the part of plaintiff’s host as well as the other driver made defendant herein.
*151 All three vehicles involved in the accident were traveling westerly in the inside westbound lane of said highway, a four lane thoroughfare separated at the situs of the accident by a neutral ground approximately three feet in width. The lead vehicle was being operated by Miss Betty Jane Barbier, the second car was being driven by Mrs. Barbara Olinde, the third ■vehicle being that of Mr. Ancona in which plaintiff was a guest passenger. At the locus of the mishap, Miss Barbier, who lived in the vicinity, stopped in the left westbound lane at the intersection of Highway 190 and Westover Road, which latter highway forms a T intersection with Highway 190 on the south. Miss Barbier intended making a left turn into Westover Road, and while stopped for said purpose with her turn indicator in operation, her ■automobile was struck from the rear by the car driven by Mrs. Olinde. Upon seeing the collision ahead, Ancona applied his brakes and swerved to the outside lane and ■collided with the Olinde car which ricocheted off the Barbier car into the outside westbound lane of travel.
Plaintiff instituted action against Betty Jane Barbier, a minor 20 years of age, John F. Barbier, Jr. (owner of the car being driven by Miss Barbier), The Travelers Insurance Company (insurer of the Barbier automobile), Barbara Olinde, "Elvin Catlett, Jr. (owner of the vehicle 'being driven by Mrs. Olinde), Security Insurance Company (Catlett’s insurer), plaintiff’s host, Ancona, and Ancona’s insurer, American Employers Assurance Corporation, Ltd. The actions against Mrs. Olinde, Mr. Catlett and the latter’s insurer were •compromised and dismissed prior to trial. 'This appeal is from the judgment rejecting plaintiff’s claim against said remaining ■defendants.
In substance counsel for appellant maintains the lower court erred in (1) holding .Miss Barbier’s signaled left turn and the ■ensuing collision was an unforeseen hazard which defendant Ancona could not be reasonably expected to anticipate; (2) failing to hold Ancona guilty of negligence in following too closely and not keeping a proper lookout; and (3) exonerating Ancona from liability under the sudden emergency doctrine.
The record discloses very little factual dispute between the parties as will hereinafter appear. Basically the dissension is over the conclusions to be drawn from circumstances, which, with one or two exceptions are conceded by all litigants involved.
Mrs. Olinde’s testimony is to the effect she was proceeding westerly in the inside lane of travel, at a speed of about 50 miles per hour, following the Barbier car. In essence she stated she was directing her young son beside her to be seated for which purpose she momentarily diverted her attention to the child, taking her eyes off the highway ahead. When she resumed her forward lookout, she noticed the Barbier vehicle stopped on the roadway. She cautioned her child to hold on as she was going to hit a car. The child immediately thereafter dropped to the floor of the automobile and the impact occurred. Mrs. Olinde also stated that while it was about dusk dark nevertheless she had her headlights burning. It is admitted the roadway was dry and the weather clear. She stated further the left front portion of her car struck the right rear of the Barbier car which was attempting a left turn into an opening in the neutral ground. Mrs. Olinde also testified her car traveled about ten feet or so after striking the Barbier automobile before her car in turn was struck from the rear by Ancona’s vehicle. In a statement given following the accident, she related that her car veered into the outside lane after the initial impact and was in that lane when hit from behind. At the trial, however, she denied making such a statement and testified in effect she did know what course her vehicle took after colliding with Barbier car.
John E. Newton, Louisiana State Trooper, investigated the accident. He testified the front part of the Olinde car struck the *152 right rear of the Barbier automobile as the latter vehicle was attempting a left turn into Westover Road. According to Newton, Mrs. Olinde’s car left approximately 40 feet of skid marks. His investigation disclosed that at the moment of impact the left front wheel of Miss Barbier’s vehicle was in the neutral ground area but the remainder of her car was in the left westbound lane angled in a westerly direction. Newton also stated the highway was heavily traveled, especially at the time the accident occurred. He found the point of collision between the Olinde and Ancona vehicles was about parallel with the point of initial impact, but more in the right or outside lane. He also noted that the entire front of the Ancona car came in direct contact with the entire rear of the Olinde car. According to Newton, Ancona related that at the time of the accident, he, Ancona, was traveling about 65 miles per hour. Newton observed that the skid marks left by An-cona’s car went from the inside to the outside lane indicating Ancona attempted to avoid the collision by swerving to his right. Based on debris found on the highway, Newton placed the point of collision between the Ancona and Olinde vehicles one or two feet inside the right or outside westbound lane. He also found Ancona’s car left skid marks measuring fifty feet in length. According to Newton, the speed limit at the site of the accident was 70 miles per hour.
Miss Barbier testified she was proceeding westerly and intended to turn left onto Westover Road. Traveling in the inside lane, she activated her left turn signal approximately 300 feet before reaching the intersection in question and simultaneously commenced reducing her speed. She did not observe any vehicles to her rear. Upon alighting from her own car following the accident, she observed that the second collision took place in the center of the two westbound lanes.
Anthony Joseph Angona (incorrectly suited as Ancona) testified he had been following the Olinde vehicle for some distance preceding the accident. He estimated he was at least six or eight car lengths behind the Olinde car and did not see the Barbier vehicle prior to the accident because it was shielded from his view by the Olinde car. He estimated that all vehicles involved were proceeding at approximately 65 miles per hour. He observed the tail lights on Mrs. Olinde’s car come on immediately prior to the first collision, whereupon he realized a collision was impending. Instantly he applied his brakes and veered to the right. Nevertheless he was not successful in his attempt to avoid involvement in the accident.
Plaintiff Henderson testified he occupied the right front seat of the Ancona car which was traveling at a speed of approximately 65 miles per hour in the left westbound lane a distance of about 200 feet behind the Olinde car. He recalled that Mr. Ancona applied his brakes which locked causing the car to slide forward and strike the Olinde car squarely in the rear.
John Barbier, Wm. John Barbier and Gary Paul Barbier, father and brothers, respectively, of Betty Jane Barbier, in general corroborated the testimony of their said daughter and sister. All related that Miss Barbier turned on her left turn signal several hundred feet before reaching the intersection and gradually reduced her speed in preparation for her intended turn.
We find, as did our brother below, Miss Barbier was free of negligence. Although she was making a left turn, she was, under the circumstances, doing so with care and caution. This being a multiple lane highway, she observed every precaution of which a motorist was capable. Miss Barbier was attempting her turn from the inside or proper lane, after giving the required signal. She was turning at a break in the neutral ground designed to permit a left turn into the intersecting highway.
On the other hand, the negligence of Mrs. Olinde is shown by her own testimony. She simply was not keeping a proper look *153 out. In permitting her attention to be diverted from the roadway, she neglected to see what she should have seen, namely, the Barbier car slowing down in the inside lane and indicating an intention to turn left.Had Mrs. Olinde not permitted her gaze to be diverted from the roadway ahead, she could have driven into the outside lane and avoided impact with the car ahead.
Counsel for appellant contends the trial court erred in finding defendant An-cona guilty of negligence in following too closely but nevertheless exonerated him from liability under the sudden emergency rule. Our appreciation of the reasons for judgment handed down by the lower court and made part of the record are that defendant Ancona was relieved from responsibility because the trial court found him free of negligence. In this finding we concur.
We find nothing in the record establishing negligence on the part of Ancona. Under the circumstances, traveling 65 miles per hour 200 feet behind another car proceeding in the same direction on a multiple lane highway, he was driving in a safe and reasonable manner. The road was clear and dry. While there is some testimony in the record that traffic was congested at the time, nothing suggests traffic of such magnitude as would make Ancona’s actions negligent.
That Ancona was keeping a proper -lookout is attested by his alertness in detecting the impending accident ahead and taking what then appeared reasonable steps to avoid involvement therein. The imminent collision was about to transpire in the inside lane. He applied his brakes and veered to the outside lane.
Counsel for appellant cities and relies upon numerous cases in which the following motorist was held negligent in colliding with the rear of a preceding vehicle and urges that the rules therein enunciated are decisive of the case at bar. We have examined each of the quoted authorities and find them distinguishable on their facts. It is elementary law that each case must be decided in the light of its own circumstances. Whether a motorist was or was not negligent in a given case depends upon attending conditions. For example, we find that McDaniel v. Capitol Transport Co., La.App., 35 So.2d 38, was a case in which the following driver was found guilty of excessive speed. Again, in Hill v. Knight, La.App., 163 So. 727, the following driver was held negligent in driving a few feet behind the lead vehicle which distance the court found too close under the prevailing circumstances.
Pertinent to decision of the case at bar is the rule announced in Rhea v. Daigle, La.App., 72 So.2d 643, to the effect that the driver of a following vehicle is not required to adhere to the rule that he must be able to stop within his clear range of vision in instances where unforeseeable hazards occur.
We agree with counsel for appellant that the sudden emergency doctrine cannot be invoked to relieve from liability a motorist whose negligence proximately causes an accident. Cormier v. Traders and General Insurance Co., La.App., 159 So.2d 746. The rule of the Cormier case, supra, however, is • inapplicable to the instant matter because defendant Ancona was not guilty of any negligence whatsoever.
We also find no merit in the argument of counsel that the trial court found defendant Ancona guilty of negligence but nevertheless exonerated him from' liability under the emergency doctrine rule. The gist of the trial court’s finding was that Ancona was free of negligence and that he was faced with a sudden emergency resulting from the negligence of Mrs. Olinde in failing to constantly look ahead as the law requires.
In our view, the instant matter is a classic example of that line of cases wherein the -following motorist collides *154 with the car ahead due to the preceding driver’s negligence. Under such circumstances, the following driver is deemed free of negligence. Hester v. Stewart, La.App., 177 So.2d 430; Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763; Morgan v. Whittington, La.App., 191 So.2d 911.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.